(7 P.3d 1267)

No. 83,527

STATE OF KANSAS, *Appellee,* v. PAUL R. JOHNSON, *Appellant.*

Opinion filed July 28, 2000.

*Brent Getty,* assistant appellate defender, *Jessica R. Kunen,* chief appellate defender, for appellant.

*R. Douglas Sebelius,* county attorney, *Carla J. Stovall,* attorney general, for appellee.

GREEN, P.J., LEWIS, J., and ROBERT J. FLEMING, District Judge, assigned.

GREEN, J.: Paul Johnson was convicted of felony domestic battery, criminal damage to property, and criminal trespass. Johnson stipulated to having two previous convictions for domestic battery. The trial court determined that Johnson's current offense for domestic battery was a felony because of his two prior convictions for domestic battery. On appeal, Johnson contends that under the plain language of the battery statute, he is guilty of misdemeanor battery only, rather than felony battery. We disagree and affirm.

K.S.A. 1999 Supp. 21-3412(c) states:

"(c) (1) Upon a first conviction of a violation of this section under circumstances which constitute a domestic battery, a person shall be guilty of a class B person misdemeanor . . . .

"(2) If, within five years immediately preceding commission of the crime, a person is convicted of a violation of this section a second time under circumstances which constitute a domestic battery, such person shall be guilty of a class A person misdemeanor . . . .

"(3) If, within five years immediately preceding commission of the crime, a person is convicted of a violation of this crime a third or subsequent time under circumstances which constitute a domestic battery, such person shall be guilty of a person felony . . . ."

Johnson's argument in the court below and on appeal is that the statute requires three prior convictions within a 5-year period be-

fore the current offense constitutes a felony. If so, under the statute, the first felony offense is the fourth offense in a 5-year period, not the third. Using that interpretation, Johnson argues that because he had two convictions within the 5-year period, not three, his current offense is a misdemeanor under subsection (c)(2).

In support of this argument, Johnson contends that because the legislature used different language to enhance the penalties in the statute for driving under the influence (DUI), the legislature intended a different result. The applicable portion of the DUI statute provides: "On the third or a subsequent conviction of a violation of this section, a person shall be guilty of a nonperson felony . . . ." K.S.A. 1999 Supp. 8-1567(f). An analysis of the actual history of K.S.A. 1999 Supp. 21-3412 shows Johnson's argument is flawed.

S.B. 674, adopted in 1996, added subsection (c) of K.S.A. 1999 Supp. 21-3412. L. 1996, ch. 211, § 4. Before its enactment, domestic battery was not specifically addressed, batteries were class B misdemeanors, and no penalty enhancement provisions applied. K.S.A. 21-3412; K.S.A. 21-4502(1)(b) and (2); K.S.A. 21-4503(c)(2); K.S.A. 21-4503a(b)(2).

Before the adoption of S.B. 674, the legislature considered other amendments to K.S.A. 21-3412, which included domestic violence offenses. The Senate Judiciary Committee minutes show the committee considered proposed changes to subsections (c)(2) and (3) as follows:

"(2) On a second conviction of a violation of this section, a person shall be guilty of a class A person misdemeanor.
"(3) On a third or subsequent conviction of a violation of this section, a person shall be guilty of a severity level 5, person felony." Senate Judiciary Committee minutes, February 26, 1996.

The committee also considered written testimony from the City of Wichita Government Relations Director, who stated, "The City of Wichita supports making the third conviction of a domestic violence battery charge a felony offense." Senate Judiciary Committee minutes, February 26, 1996. Unfortunately, this clearer language in the proposed changes did not become a part of the bill which

the Judiciary Committee recommended 2 days later. Sen. J. 1996, p. 1370.

In K.S.A. 1999 Supp. 21-3412(c)(2), the adjective phrase "within five years immediately preceding commission of the crime," on which Johnson bases his argument, is redundant. K.S.A. 1999 Supp. 21-3412(c)(4)(C) specifically sets out the method for determining whether a most recent conviction is a first, second, third, or subsequent conviction. Moreover, the phrase is nonrestrictive, which means the phrase is not essential to the meaning of the sentence under K.S.A. 1999 Supp. 21-3412(c)(3). If we were to remove the nonrestrictive element from the sentence in (c)(3), the sentence would read as follows: "If . . . a person is convicted of a violation of this crime a third or subsequent time under circumstances which constitute a domestic battery, such person shall be guilty of a person felony . . . ."

Furthermore, when we read K.S.A. 1999 Supp. 21-3412(c)(4)(C)(iii), it seems clear that the legislature intended to enhance the penalties for each successive offense. This subsection reads as follows:

"(C) for the purpose of determining whether a conviction is a first, second, third or subsequent conviction in sentencing under this section:

. . . .

(iii) only convictions occurring in the immediately preceding five years including prior to the effective date of this act shall be taken into account . . . ."

This part of the statute indicates that one is to add the most recent conviction to any other convictions occurring in the immediately preceding 5 years to determine whether the most recent conviction is the first, second, third, or subsequent conviction.

On the other hand, under Johnson's interpretation, subsection (c)(2) applies to persons who have two previous convictions within 5 years of committing a third offense, and subsection (c)(3) applies to persons who have three prior convictions within 5 years of committing a fourth offense. Under his interpretation, subsection (c) does not provide for persons who have one previous conviction within 5 years of committing a second offense.

When subsection (c) is not applicable, a person is sentenced under the penalty statutes for a class B person misdemeanor.

K.S.A. 21-3412(b). Those penalty statutes allow a maximum of 6 months in custody, but no minimum term for custody is required, K.S.A. 1999 Supp. 21-4502(1)(b), and a fine may be imposed not exceeding $1,000. K.S.A. 1999 Supp. 21-4503a(b)(2).

In comparison, a first domestic battery is also classified as a class B misdemeanor, but the offender must serve a minimum of 48 hours in custody, K.S.A. 1999 Supp. 21-3412(c)(1), and a fine must be imposed between $200 to $500, or the person can be required to complete a domestic violence prevention program. The result under Johnson's interpretation is that the second offense is not enhanced.

Finally, citing *State v. Edwards*, 252 Kan. 860, 870, 852 P.2d 98 (1993), Johnson argues that the rules of statutory construction require the court to strictly construe penal statutes against the State. Nevertheless, penal statutes are not to be construed so strictly as to frustrate the intention of the legislature. See *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235, *rev. denied* 265 Kan. 889 (1998).

As a result, Johnson's argument fails.

Affirmed.