(212 P.3d 229)
No. 100,121

STATE OF KANSAS, *Appellant,* v. KATHERINE SUROWSKI, *Appellee.*

Opinion filed July 17, 2009.

*Tony Cruz*, assistant county attorney, and *Steve Six*, attorney general, for appellant.

*Linda M. Barnes-Pointer*, of Junction City, for appellee.

Before MCANANY, P.J., GREEN and CAPLINGER, JJ.

CAPLINGER, J.: The State challenges the order of the district court dismissing Count I against defendant Katherine Surowski. The State argues the district court erroneously concluded that the unlawful possession of Lortab is a misdemeanor under K.S.A. 65-4109(d) rather than a felony under K.S.A. 2006 Supp. 65-4160(a). We agree, and we find that under the plain language of K.S.A. 2006 Supp. 65-4160(a), possession of narcotics is a felony. Because neither party disputes that Lortab contains hydrocodone, a narcotic, the district court erred in finding that possession of Lortab is not a felony under K.S.A. 2006 Supp. 65-4160(a).

*Factual and procedural background*

Count II charged Surowski with theft in violation of K.S.A. 21-3701(a)(1). Count I charged that Surowski

"unlawfully, feloniously and intentionally possessed, or exerted control over, an opiate drug [*to wit: hydrocodone, a schedule II substance identified at K.S.A. 65-*

*4107(b)(1)(N)*]. In violation of K.S.A. 2006 Supp. 65-4160(a): POSSESSION OF HYDROCODONE, a drug severity level 4, nonperson felony."

At the preliminary hearing, Kelly Goracke, a Wal-Mart manager, testified that Surowski was observed diverting hydrocodone from the Junction City Wal-Mart pharmacy where she was employed as a licensed pharmacist. Goracke further testified that Surowski subsequently admitted to taking 20-40 pills per month.

Following the preliminary hearing, Surowski moved to dismiss Count I, arguing that although she was charged with possession of a schedule II narcotic under K.S.A. 65-4107(b)(1)(N), she admitted only to possessing Lortab, a schedule III narcotic listed in K.S.A. 65-4109(d)(4). Surowski contended she was improperly charged with a felony under K.S.A. 2006 Supp. 65-4160(a) because possession of a schedule III narcotic is only a class A misdemeanor under K.S.A. 65-4127c.

The State argued that because both hydrocodone and Lortab, which contains hydrocodone and acetaminophen, are narcotics, and because K.S.A. 2006 Supp. 65-4160 makes it a felony to possess *any* narcotic, Surowski was appropriately charged with a felony.

The district court agreed with Surowski, finding that possession of Lortab, hydrocodone, a schedule III drug listed in K.S.A. 65-4109(d), is a misdemeanor rather than a felony. The court therefore dismissed Count I and invited the State to refile an amended charge.

*Discussion*

In this appeal of the dismissal of Count I, the State challenges the district court's determination that unlawful possession of Lortab constitutes a misdemeanor rather than a felony under K.S.A. 65-4160(a).

We conduct a de novo review of the evidence when considering a trial court's probable cause finding. *State v. Kraushaar*, 264 Kan. 667, 670, 957 P.2d 1106 (1998). Further, we exercise unlimited review over a question of statutory interpretation. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 374, 130 P.3d 560 (2006). In conducting this review, we are mindful of the fundamental rule of statutory construction, *i.e.*, the intent of the legislature governs

when that intent can be ascertained from the statute. Further, when a statute is plain and unambiguous, we must give effect to the intention of the legislature rather than determine what the law should or should not be. *State v. Moler*, 269 Kan. 362, 363, 2 P.3d 773 (2000).

Surowski was charged with a felony under K.S.A. 2006 Supp. 65-4160(a), which provides:

"Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to possess or have under such person's control any opiates, opium *or narcotic drugs*, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107 and amendments thereto. Any person who violates this subsection *shall be guilty of a drug severity level 4 felony*." (Emphasis added.)

The district court concluded that a substance must be listed in K.S.A. 65-4107(d)(1), (d)(3), or (f)(1) in order to constitute a felony under K.S.A. 65-4160(a). We disagree.

Initially, we note that the title of K.S.A. 2006 Supp. 65-4160 indicates its application to several categories of drugs: "Unlawful acts relating to possession of opiates, opium, narcotic drugs *or designated stimulants*; *penalties*." (Emphasis added.) The text of K.S.A. 2006 Supp. 65-4160(a) is equally clear, indicating its application to: (1) opiates, (2) opium or narcotic drugs, and (3) stimulants designated in K.S.A. 65-4107(d)(1), (d)(3), or (f)(1) (*i.e.*, amphetamine, methamphetamine, and immediate precursors to amphetamine and methamphetamine). The statute does not suggest, as the trial court found, that a substance must be listed in K.S.A. 65-4107 in order to constitute a felony, except as it pertains to certain stimulants.

Significantly, both parties agree that Lortab is a narcotic and not a stimulant, and thus it appears unlawful possession of Lortab constitutes a felony under 65-4160(a).

Nevertheless, Surowski argues that because Lortab is a schedule III drug identified in K.S.A. 65-4109(d)(4) (hydrocodone), rather than a schedule II drug identified in K.S.A. 65-4107, unlawful possession of Lortab is merely a misdemeanor. However, K.S.A. 65-4109 makes no reference to punishment and does not state that possession of a schedule III drug constitutes a misdemeanor. Likewise, K.S.A. 65-4107, with violation of which Surowski was origi-

nally charged, makes no reference to punishment and does not state that possession of a schedule II drug constitutes a felony. And, as discussed, K.S.A. 2006 Supp. 60-4160(a) provides that possession of "narcotics" constitutes is a felony and refers to K.S.A. 65-4107 only as it pertains to certain stimulants.

We reject Surowski's suggestion that the drug schedules create a graduated system of punishment wherein schedule III drugs generally are classified as misdemeanors and schedule II drugs generally are classified as felonies. To hold otherwise would require that we infer language not found in the relevant statutes.

In addition, we note that K.S.A. 65-4162, which provides that the possession of certain substances is a misdemeanor, makes no reference to Lortab or other schedule III substances listed under K.S.A. 65-4109(d). Rather, the statute specifically refers to other K.S.A. 65-4109 substances, including, (1) depressants designated in K.S.A. 65-4109(b) and (c), (2) stimulants designated in K.S.A. 65-4109(e), (3) hallucinogens designated in K.S.A. 65-4109(g), and (4) anabolic steroids designated in K.S.A. 65-4109(f). The statute does not include substances listed under K.S.A. 65-4109(d), including Lortab, hydrocodone. Simply stated, if the legislature intended for the unlawful possession of schedule III substances listed in K.S.A. 65-4109(d) to constitute a misdemeanor, it could have included those substances in K.S.A. 65-4162.

Surowski also suggests that possession of what she terms "microscopic quantities" of a controlled substance should not be a felony. The State counters that proof of the possession of *any* amount of a controlled substance is sufficient to sustain a conviction even though such amount may not be measurable or useable. In support of this assertion, the State cites *State v. Brown*, 245 Kan. 604, 613-14, 783 P.2d 1278 (1989). However, *Brown* concerned whether possession of a small amount of an illegal substance is sufficient to establish intent to possess—not whether it supports prosecution as a felony.

In fact, our legislature has enacted a statutory provision relating to the issue raised by Surowski. K.S.A. 65-4164 provides that the unlawful possession the substances listed in K.S.A. 65-4113 is a misdemeanor. However, neither hydrocodone nor Lortab is in-

cluded in K.S.A. 65-4113, which refers only to schedule V drugs containing a small amount of narcotics. Thus, Surowski may not avail herself of K.S.A. 65-4164.

In summary, under the plain language of K.S.A. 2006 Supp. 65-4160(a), possession of narcotics is a felony. Because neither party disputes that Lortab, which Surowski is alleged to have possessed, contains a narcotic, the district court erred in finding that possession of Lortab is not a proscribed felony under K.S.A. 2006 Supp. 65-4160(a). Thus, the district court's dismissal of Count I is reversed.

Finally, although we have reversed the district court's determination that possession of Lortab is not a felony K.S.A. 2006 Supp. 65-4160(a), we note that on remand the State must nevertheless amend its complaint to charge the appropriate crime. As discussed, the original complaint specified that Surowski possessed "an opiate drug [*to wit: hydrocodone, a schedule II substance identified at K.S.A. 65-4107(b)(1)(N)*]," in violation of K.S.A. 2006 Supp. 65-4160(a). However, assuming the charge remains the same, the complaint must charge Surowski with felony possession of the narcotic drug Lortab, a schedule III substance identified at K.S.A. 65-4109(d)(4), in violation of K.S.A. 2006 Supp. 65-4160(a).

Reversed and remanded.