No. 101,092

STATE OF KANSAS, *Appellee*, v. ROGER A. COLLINS, *Appellant*.

(280 P.3d 763)

Opinion filed July 20, 2012.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*David Lowden*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by ·

BEIER, J.: Defendant Roger Collins appeals his conviction for unlawful possession of hydrocodone under K.S.A. 65-4160(a), a severity level 4 drug felony. Collins argues that eight Lortab pills in his possession were schedule III rather than schedule II drugs and that K.S.A. 65-4160(a) was therefore inapplicable.

## FACTUAL AND PROCEDURAL HISTORY

Collins was a passenger in a car stopped for failure to signal. During the stop, Officer C.J. Clark observed a plastic baggie in Collins' hand.

Clark ran a records check and determined that Collins had two bench warrants outstanding. Clark then arrested Collins and performed a search incident to the arrest. Clark confiscated the baggie, which held eight white pills, each marked with the number "3594." Clark contacted a local pharmacy for identification of the pills and learned that they were a generic brand of hydrocodone, specifically, Lortab. Each pill contained 7.5 milligrams of hydrocodone,

verified by later laboratory testing, and 500 milligrams of acetaminophen.

The State charged Collins with one count of felony possession of "a controlled substance, to-wit: hydrocodone," in violation of K.S.A. 65-4160(a).

Collins filed a motion to dismiss, arguing that the pills were not schedule II drugs under K.S.A. 65-4107(b)(1) but were instead schedule III drugs under K.S.A. 65-4109(d)(4). In his view, K.S.A. 65-4160(a) did not prohibit possession of a limited amount of schedule III hydrocodone, and thus no criminal offense had occurred.

The State responded that the designation of the Lortab in Collins' possession as a schedule II or schedule III drug made no difference under the version of K.S.A. 65-4160(a) in effect at the time. That statute prohibited possession of "any opiates, opium or narcotic drugs," making such possession punishable as a drug severity level 4 felony. Because the hydrocodone in Collins' possession qualified as an opiate under K.S.A. 65-4107(b)(1)(J) for which Collins had no prescription, see K.S.A. 65-4116(c)(3), the State argued that he had violated K.S.A. 65-4160(a).

District Judge Joseph Bribiesca rejected Collins' argument and denied the motion to dismiss.

Collins then waived his right to a jury and was convicted after a bench trial to District Judge Rebecca Pilshaw. Judge Pilshaw's verdict rested entirely on the parties' stipulation to the facts recited in a probable cause affidavit signed by Detective Heather Bachman. Bachman described the traffic stop, the discovery of the baggie and its contents in Collins' possession, the submission of the pills for laboratory testing, and the lab's result.

District Judge Eric Yost handled Collins' sentencing, at which Collins received a 40-month prison sentence with 12 months of postrelease supervision. Yost placed Collins on probation.

On appeal to the Court of Appeals, Collins again argued that the charge against him should have been dismissed because the Lortab in his possession was only a schedule III drug that he could possess lawfully. The Court of Appeals panel rejected the argument, relying on *State v. Surowski*, 42 Kan. App. 2d 304, 212 P.3d 229 (2009),

to hold that possession of hydrocodone—regardless of whether it qualifies as a schedule II drug or a schedule III drug—is a felony under K.S.A. 65-4160(a). See *State v. Collins*, No. 101,092, 2010 WL 596996 (Kan. App. 2010) (unpublished opinion).

We granted Collins' petition for review on his single appellate claim.

## DISCUSSION

The outcome of this case rises and falls on statutory interpretation, which raises an issue of law reviewable de novo on appeal. See *State v. Inkelaar*, 293 Kan. 414, 433, 264 P.3d 81 (2011).

"The fundamental rule of statutory construction is to ascertain the legislature's intent. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. A statute should not be read to add language that is not found in it or to exclude language that is found in it. When a statute is plain and unambiguous, the court must give effect to the legislature's intent as expressed rather than determining what the law should or should not be." *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006) (citing *State v. McCurry*, 279 Kan. 118, 121, 105 P.3d 1247 [2005]).

The version of K.S.A. 65-4160(a) under which Collins was prosecuted provided in pertinent part:

"Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to possess or have under such person's control any opiates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107 and amendments thereto. Any person who violates this subsection shall be guilty of a drug severity level 4 felony." K.S.A. 2007 Supp. 65-4160(a).

Under the Kansas Controlled Substances Act, hydrocodone is listed as both a schedule II drug and a schedule III drug, depending on its formulation. The schedule II list labels hydrocodone in its pure form an opiate. K.S.A. 65-4107(b)(1)(J). The schedule III list identifies hydrocodone up to 300 milligrams or up to 15 milligrams in combination with one or more active, nonnarcotic ingredients in recognized therapeutic amounts as a "narcotic drug[]." K.S.A. 65-4109(d)(4). It therefore appears that Collins is correct when he argues that the formulation of the Lortab in his possession in this case qualified it as a schedule III rather than a schedule II drug. *Cf.* K.S.A. 65-4101(p) (narcotic drug includes opiate).

The problem for Collins is that victory in the schedule III-schedule II battle does not win the war.

K.S.A. 65-4160(a)'s prohibition of possession is not limited to drugs on one or the other of these schedules or on any schedule. Its dependence on K.S.A. 60-4107, which sets out the drugs that are classified as schedule II, is limited to defining certain stimulants not at issue here. See K.S.A. 65-4160(a) (referencing K.S.A. 60-4107[d][1], [d][3], [f][1]). Possession of opiates—including but not limited to schedule II pure hydrocodone or schedule III considerably less-than-pure hydrocodone—is generally and plainly forbidden. It is not this court's function to add to or amend clear statutory language. *Bryan*, 281 Kan. at 159.

We share the legal conclusions at which we arrive in this case with those of the Court of Appeals panel that decided *Surowski*, 42 Kan. App. 2d 304.

In that case, on the State's appeal after dismissal, defendant Katherine Surowski made the same argument that Collins makes here: She asserted that she could not be convicted and punished for felony possession under K.S.A. 2006 Supp. 65-4160(a) because she possessed only schedule III Lortab and not a schedule II drug. The charging document had specifically alleged that Surowski possessed "an opiate drug [to wit: hydrocodone, a schedule II substance identified at K.S.A. 65-4107(b)(1)(N)]." *Surowski*, 42 Kan. App. 2d at 304-05.

The panel agreed that Lortab was a schedule III controlled substance, but that fact did not make Surowski bulletproof under K.S.A. 2006 Supp. 65-4160(a). *Surowski*, 42 Kan. App. 2d at 306. "[U]nder the plain language of K.S.A. 2006 Supp. 65-4160(a), possession of narcotics is a felony. Because neither party disputes that Lortab, which Surowski is alleged to have possessed, contains a narcotic, the district court erred in finding that possession of Lortab is not a proscribed felony under K.S.A. 2006 Supp. 65-4160(a)." *Surowski*, 42 Kan. App. 2d at 308.

One final point on *Surowski* bears brief mention: The panel closed its opinion by admonishing the State to amend its complaint to charge "the appropriate crime . . . . [A]ssuming the charge remains the same, the complaint must charge Surowski with felony

possession of the narcotic drug Lortab, a schedule III substance identified at K.S.A. 65-4109(d)(4)." 42 Kan. App. 2d at 308. We believe this language was intended merely to correct the specific wording of the complaint in that case and not to set up a requirement of similar specificity for all charging documents alleging a violation of K.S.A. 65-4160(a). Collins' complaint/information alleged only that Collins possessed "a controlled substance, to-wit: hydrocodone," in violation of K.S.A. 65-4160(a). It did not mention whether the drug was schedule II or schedule III, and thus there is nothing to correct. Moreover, because this case is in the opposite procedural posture of *Surowski*, which arose on the State's appeal, our decision to affirm the district court ruling means this case will not be remanded.

The Court of Appeals is affirmed; the district court is affirmed.