(288 P.3d 147)
No. 107,600

STATE OF KANSAS, *Appellee*, v. ERIKA ANNA INGRED SKILLERN, *Appellant*.

Opinion filed November 9, 2012.

*Cecilia T. Mariani*, of Topeka, for appellant.

*Chadwick J. Taylor*, district attorney, *Jodi Litfin*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

MALONE, J.: Erika Anna Ingred Skillern appeals her sentence following her conviction of domestic battery, a class B person misdemeanor under K.S.A. 2011 Supp. 21-5414(b)(1). The district court sentenced Skillern to 6 months' imprisonment in the county jail and ordered her to serve 48 hours in custody as a condition of her probation. Skillern asked the district court to suspend the 48 hours' imprisonment, but the district court found that it did not have that option under the applicable sentencing statute. We con-

clude that the district court erred in finding that K.S.A. 2011 Supp. 21-5414(b)(1) required Skillern to serve 48 hours in custody as a condition of probation on her first-time conviction of domestic battery. Thus, we vacate Skillern's sentence and remand for the district court to exercise its discretion under the statute.

In January 2012, Skillern pled no contest to and was convicted of one count of domestic battery, a class B person misdemeanor. The factual basis for the plea established that Skillern had slapped her boyfriend in the face during an argument. This was Skillern's first conviction of domestic battery. The district court sentenced Skillern to 6 months' imprisonment in the county jail and ordered her to serve 48 hours in custody as a condition of her probation. The district court also ordered that if Skillern completed a batterer's intervention program, the statutory fine would be waived. Although recognizing that the statute called for a minimum jail sentence of 48 hours, Skillern asked the district court to suspend the jail sentence and impose probation. The district judge stated, "I wish I felt that I thought this was a clear statute. It's not. I think, though, that it means that I have to sentence her to serve at least 48 hours." Skillern timely appeals her sentence. The district court stayed the 48-hour jail sentence pending Skillern's appeal.

Skillern argues that the district court erred when it determined that K.S.A. 2011 Supp. 21-5414(b)(1) required Skillern to serve 48 hours in custody before being placed on probation. To support her argument, Skillern compares the language of K.S.A. 2011 Supp. 21-5414(b)(1) to the language of other statutes that require a defendant to serve a minimum sentence before being placed on probation. The State argues that the district court interpreted the statute correctly and cites prior caselaw as supporting authority.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Collins*, 294 Kan. 780, 782, 280 P.3d 763 (2012). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving

common words their ordinary meanings. *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010).

When a statute is plain and unambiguous, an appellate court does not speculate as to the intent behind it and will not read into the statute something not readily found in it. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. *Double M Constr. v. Kansas Corporation Comm'n*, 288 Kan. 268, 271-72, 202 P.3d 7 (2009).

Skillern was sentenced under K.S.A. 2011 Supp. 21-5414(b)(1), which states:

"(b) Domestic battery is a:

(1) Class B person misdemeanor and the offender shall be sentenced to not less than 48 consecutive hours nor more than six months' imprisonment and fined not less than $200, nor more than $500 or in the court's discretion the court may enter an order which requires the offender enroll in and successfully complete a domestic violence prevention program, except as provided in subsection (b)(2) or (b)(3)."

Skillern argues that the statute requires only that she be *sentenced* to at least 48 hours' imprisonment. She interprets the statutory language as allowing the district court to sentence her to imprisonment and then suspend the sentence. To support her contention, Skillern first compares the language of K.S.A. 2011 Supp. 21-5414(b)(1) with the language of K.S.A. 2011 Supp. 21-5414(b)(2), which establishes when domestic battery is a class A misdemeanor. K.S.A. 2011 Supp. 21-5414(b)(2) states that domestic battery is a

"class A person misdemeanor if, within five years immediately preceding commission of the crime, an offender is convicted of domestic battery a second time and the offender shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $500 nor more than $1,000, except as provided in subsection (b)(3). . . . *The offender shall serve at least five consecutive days imprisonment before the offender is granted probation, suspension or reduction of sentence or parole or is otherwise released.*" (Emphasis added.)

Although this subsection requires the district court to sentence the offender to not less than 90 days' imprisonment, it goes on to

specifically require that the offender *serve* at least 5 consecutive days' imprisonment before the defendant is granted probation. Skillern argues that if the legislature had wanted to require that a first-time domestic battery offender serve the 48-hour minimum imprisonment sentence, it would have used language similar to the language in K.S.A. 2011 Supp. 21-5414(b)(2). Similarly, Skillern compares the language of K.S.A. 2011 Supp. 21-5414(b)(1) with the language of K.S.A. 2011 Supp. 21-5414(b)(3), which establishes when domestic battery is a felony upon a third or subsequent conviction. K.S.A. 2011 Supp. 21-5414(b)(3) provides:

"[T]he offender shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,000 nor more than $7,500. *The offender convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the offender has served at least 90 days imprisonment.*" (Emphasis added.)

Skillern also turns to K.S.A. 2011 Supp. 8-1567(b)(1)(B), which prohibits driving under the influence (DUI) and contains similar language to the domestic battery statute. K.S.A. 2011 Supp. 8-1567(b)(1)(B) states that the offender "shall be sentenced" to at least 90 days' imprisonment and "shall serve" at least 5 consecutive days' imprisonment before probation, suspension, or other release. *Cf.* K.S.A. 2011 Supp. 8-1567(b)(1)(A) which states that the offender "shall be sentenced" to not less than 48 consecutive hours nor more than 6 months' imprisonment and "shall serve" at least 48 consecutive hours' imprisonment or 100 hours of public service either before or as a condition of probation, suspension of sentence, or parole. Skillern again argues that had the legislature intended to require her to *serve* 48 hours in jail under K.S.A. 2011 Supp. 21-5414(b)(1), the statute would have clearly stated that requirement, as it does in the DUI statute, rather than merely requiring that she be *sentenced* to not less than 48 hours.

We find Skillern's argument persuasive. K.S.A. 2011 Supp. 21-5414(b) is clear and unambiguous as to its sentencing provisions. On a class B person misdemeanor for a first conviction of domestic battery, K.S.A 2011 Supp. 21-5414(b)(1) provides that the district court must *sentence* the offender to not less than 48 hours' imprisonment, but there is no provision that the offender *serve* any

portion of the minimum sentence before the offender is granted probation. On a class A person misdemeanor for a second conviction or on a person felony for third or subsequent conviction, subsections (b)(2) and (b)(3) of the statute provide that the district court must sentence the offender to a minimum term of imprisonment. But these subsections of the statute also specifically provide that the offender must serve a portion of the minimum sentence before being granted probation.

Even if there is ambiguity as to whether the offender must serve 48 hours' imprisonment under subsection (b)(1), our Supreme Court has held that when construing statutes to determine legislative intent, appellate courts must consider various portions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Raschke*, 289 Kan. 911, 914, 219 P.3d 481 (2009). Also, as a general rule, appellate courts must strictly construe criminal statutes in favor of the accused. *State v. Jackson*, 291 Kan. 34, 40, 238 P.3d 246 (2010). So any ambiguity in K.S.A. 2011 Supp. 21-5414(b) must be resolved in Skillern's favor.

The State cites *State v. Johnson*, 27 Kan. App. 2d 813, 7 P.3d 1267, *rev. denied* 270 Kan. 901 (2000), to support its argument that the domestic battery statute requires the offender to serve a minimum of 48 hours in custody on a first offense. In *Johnson*, this court examined domestic battery classification as a misdemeanor or a felony. Specifically, the defendant argued that under the language of the statute, the defendant must have three prior domestic battery convictions plus the current offense, for a total of four offenses in a 5-year period, in order for the current offense to be charged as a felony. The defendant argued that because he had only two prior convictions within the 5-year period, not three, his current offense was a misdemeanor.

After examining the legislative history of the domestic battery statute which, at the time, was codified at K.S.A. 1999 Supp. 21-3412, the court discussed the legislature's intent to enhance the penalties for each successive domestic battery. The court noted, without further examination of the specific statutory subsection: "[A] first domestic battery is also classified as a class B misde-

meanor, but the offender must serve a minimum of 48 hours in custody, [citation omitted], and a fine must be imposed between $200 to $500, or the person can be required to complete a domestic violence prevention program." 27 Kan. App. 2d at 816. The court went on to hold that the defendant's interpretation of the statute was incorrect and that the defendant's current domestic battery offense was classified as a felony because it constituted a third conviction within a 5-year period. 27 Kan. App. 2d at 816.

The State now argues that the court's statement in *Johnson* should be followed in the instant case because the language of the statute has not changed from the prior version. But *Johnson* is not controlling because the issue in that case is not the same as the issue here, and the language in *Johnson* relied upon by the State is merely dicta. *Johnson* does not hold, as the State argues, that a first-time domestic battery offender must serve a minimum of 48 hours in custody before probation can be granted.

We conclude the district court erred in finding that K.S.A. 2011 Supp. 21-5414(b)(1) required Skillern to serve a minimum of 48 hours in custody before being granted probation. The legislature knows how to require a defendant to serve a portion of the minimum sentence before probation or a suspended sentence can be granted, as the legislature has indicated in other subsections of the domestic battery statute and also in the DUI statute. Here, in response to Skillern's request for the district court to suspend the jail sentence and impose probation without Skillern serving 48 hours in jail, the district judge stated that K.S.A. 2011 Supp. 21-5414(b)(1) required Skillern to serve 48 hours in custody. Because the district court misunderstood its authority under the applicable sentencing statute, we vacate Skillern's sentence and remand for the district court to exercise its discretion under the statute.

Sentence vacated and remanded with directions.