NOT DESIGNATED FOR PUBLICATION

No. 112,205

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT HOLLIE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed October 30, 2015. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.

*Per Curiam*:  This case has an unusual procedural background. After being convicted of his third driving under the influence (DUI), Robert Hollie was sentenced to 48 hours in jail, followed by 88 days on house arrest, followed by 12 months' probation. The State failed to keep tabs on Hollie, even after he violated the terms of his probation 6 months after sentencing. There appears to have been no contact between Hollie and law enforcement officers or probation officers for nearly 2 1/2 years until he was stopped for a traffic violation. At that point, the State tried to revoke his probation. But the district court determined Hollie had failed to serve his mandatory minimum 90 days, and

1

therefore had not even been eligible for probation. The court then ordered Hollie to finish serving his 90 days and then begin his 12-month probationary period.

Because we find that the statute under which Hollie was charged specifically requires a defendant to serve a minimum of 90 days before being eligible for probation, the district court correctly determined Hollie never had been on probation when the State tried to revoke his probation.

On August 8, 2011, Hollie pled guilty to driving under the influence, third offense, in violation of K.S.A. 2010 8-1567(f)(1) and driving with no proof of insurance, in violation of K.S.A. 40-3104.

The district court sentenced Hollie on October 14, 2011, to 18 months' in jail but imposed 12 months' probation after Hollie served the mandatory 90 days. Once Hollie served the statutorily mandated 48 hours, the court authorized house arrest for the remaining 88 days. Hollie was also ordered to pay a fine of $1,800.

Hollie did begin reporting to a probation officer. On April 23, 2012, a probation violation warrant was issued alleging Hollie had violated the conditions of his probation. Hollie had failed to refrain from the possession, use, or consumption of drugs, and failed to make monthly payments towards fines and fees as directed by the district court. The State made no effort to serve this warrant.

On January 27, 2014, a second warrant was issued alleging Hollie had again violated the conditions of his probation by failing to obey the law, failing to provide proof of attendance of outpatient treatment and biweekly support group meetings, and failing to serve 88 days on house arrest.

Hollie filed a motion to dismiss the probation revocation warrant based on the State's failure to act to revoke his probation in a timely manner and requested the district court terminate his probation. Hollie cited *State v. Haines*, 30 Kan. App. 2d 110, 39 P.3d 95 (2002), for the proposition that the State unreasonably waited too long to serve the 2012 warrant.

The district court held a hearing on April 16, 2014. The State conceded that no effort had been made by the warrant division to serve the 2012 probation revocation warrant. The State argued the 20-month delay in serving the warrant was not "on its face unreasonable." But even if it was, the issuance of the 2012 warrant tolled Hollie's probationary period, making the 2014 warrant timely. The State urged the court to proceed on the 2014 warrant even if it deemed the 2012 warrant was untimely.

Hollie argued no one ever came to him regarding the 2012 warrant, and that justified dismissing the case and terminating probation. Hollie suggests his probation should have expired by then.

The district court determined the State had waived any opportunity to enforce the 2012 warrant by unnecessarily delaying its execution. The court held that the 2012 warrant tolled the expiration of the probationary period. The court acknowledged that since this was a DUI conviction, it made this case different from others and determined Hollie's failure to pay fines precluded his probation period from terminating. Regarding the 2014 violations, the court determined it was "not inclined to let [Hollie] skate on mandatory provisions of the DUI statute merely because of the passage of time." Because Hollie had failed to report, the court determined he had absconded.

In argument, Hollie mentioned the "90-day mandatory period in the DUI statute." The district court then noted "another unique circumstance of the DUI statute" that probation does not even begin until a defendant serves the mandatory sentence first. The

3

court determined that under the facts of this case, Hollie's probationary period had not even started due to his failure to serve his required house arrest and therefore probation could not have expired.

Hollie acknowledged he was a few days short of serving the 90-day mandatory sentence. Hollie also admitted he did not fully comply with the house arrest program and payment of all fees. He also admitted to driving while suspended and having a tag not assigned to the proper vehicle. The district court calculated that Hollie had 8 days left to serve of his mandatory 90 days.

The district court then ordered Hollie to serve the balance of his 90-day minimum sentence and ordered the 12 months' probation to begin thereafter.

On April 23, 2014, the district court issued its journal entry memorializing its order. The court also made alternative findings. If Hollie was eligible for probation prior to serving the 90 days, the court found the State had made no reasonable effort to serve the 2012 warrant, and therefore waived its right to revoke Hollie's probation based on that. But, "the filing of [the 2012] warrant successfully tolled the probation termination date." Therefore, the 2014 warrant was properly before the court. Hollie's term of probation would have been extended as a matter of law under K.S.A. 2010 Supp. 8-1567(i) for failing to pay the fines ordered by the court. Hollie admitted the violations in the 2014 warrant. Based on these alternative findings, the court remanded Hollie to serve the remaining portion of his 90-day sanction and, upon release, a probationary period of 12 months.

Hollie brings this appeal.

Hollie frames the issues as appellate review of whether the district court properly dismissed his motion to dismiss the warrant. Hollie argues this court has unlimited review

over the question of law whether the district court had jurisdiction over the revocation. The State adopted this framing of the issue.

However, the real issue seems to be whether the district court correctly interpreted K.S.A. 2010 Supp. 8-1567(f)(1) when it determined Hollie was required to serve the mandatory 90-day sentence before his probationary period began. This predicate question is one of statutory interpretation, for which we have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

The cases Hollie cites in support of his argument that the district court should have found it had jurisdiction to revoke his probation are not on point. In *State v. Gary*, 282 Kan. 232, 144 P.3d 634 (2006), the defendant was convicted of forgery. The second case he relies on, *State v. Hilton*, 49 Kan. App. 2d 586, 311 P.3d 1161 (2013), was recently vacated and the appeal was dismissed in *State v. Hilton*, 301 Kan. 991, 349 P.3d 475 (2015). For reasons discussed below, the DUI statute is unique in that our legislature has clearly expressed its intention that defendants convicted under the statute actually serve a minimum sentence and that probation does not expire until the defendant pays all fines and fees. Because neither *Gary* nor *Hilton* involve the DUI statute, they are not helpful here.

The intent of the legislature governs if that intent can be ascertained. *State v. Williams*, 298 Kan. 1075, 1079, 319 P.3d 528 (2014). We must first attempt to ascertain legislative intent through the plain meaning of the statutory language. *State v. Phillips*, 299 Kan. 479, 495, 325 P.3d 1095 (2014). When a statute is plain and unambiguous, we need not speculate about the intent behind clear language; we must also not read something into the statute that is not readily found in its words. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014).

The statute at issue in this case is K.S.A. 2010 Supp. 8-1567:

5

"On the third conviction of a violation of this section, a person shall be guilty of a non-person felony and sentenced to not less than 90 days . . . . The person convicted *shall not be eligible for release on probation . . . until the person has served at least 90 days' imprisonment*." (Emphasis added.) K.S.A. 2010 Supp. 8-1567(f)(1)

The plain language of this section indicates an individual convicted under this section must serve 90 days before probation is an option.

The court's analysis in *State v. Skillern*, 48 Kan. App. 2d 350, 288 P.3d 147 (2012), is helpful. In *Skillern,* the defendant was sentenced under K.S.A. 2011 Supp. 21-5414(b)(1) for misdemeanor domestic battery to 6 months' imprisonment in the county jail and ordered her to serve 48 hours in custody as a condition of her probation. The defendant asked the court to suspend the 48 hours' imprisonment, but the district court found it did not have the authority to do so under the applicable sentencing statute. On appeal, the defendant argued the district court had erred when it determined that K.S.A. 2011 Supp. 21-5414(b)(1) required her to serve 48 hours in custody before being placed on probation.

The statute at issue in *Skillern*, K.S.A. 2011 Supp. 21-5414(b)(1), states:

> "(b) Domestic battery is a:
> (1) Class B person misdemeanor and the offender shall be sentenced to not less than 48 consecutive hours nor more than six months' imprisonment and fined not less than $200, nor more than $500 or in the court's discretion the court may enter an order which requires the offender enroll in and successfully complete a domestic violence prevention program, except as provided in subsection (b)(2) or (b)(3)."

The *Skillern* court determined the clear and unambiguous language of K.S.A. 2011 Supp. 21-5414(b)(1) required a district court to *sentence* the offender to not less than 48 hours'

6

imprisonment but did not require the offender to *serve* any portion of the minimum sentence before being granted probation. 48 Kan. App. 2d at 353-54.

In reaching that conclusion, the *Skillern* court considered K.S.A. 2011 Supp. 8-1567(b)(1)(B) and 8-1567(b)(1)(A), which prohibited DUIs and contained similar language to the domestic battery statute. 48 Kan. App. 2d at 353. K.S.A. 2011 Supp. 8-1567(b)(1)(B) states that the offender "shall be sentenced" to at least 90 days' imprisonment, and it also contained the additional requirement that a defendant "shall serve" at least 5 consecutive days' imprisonment before probation. 48 Kan. App. 2d at 353. K.S.A. 2011 Supp. 8-1567(b)(1)(A) also provided that the offender "shall be sentenced" to not less than 48 consecutive hours and "shall serve" at least 48 consecutive hours' imprisonment or 100 hours of public service. 48 Kan. App. 2d at 353. The *Skillern* court determined that the legislature knew how to require an offender to serve a mandatory minimum sentence before becoming eligible for probation, but it had not done so in K.S.A. 2011 Supp. 21-5414(b)(1). 48 Kan. App. 2d at 353. Because the domestic battery statute had no provision requiring the offender to serve any portion of the sentence, the district court erred when it determined it lacked the authority to suspend the 48-hour imprisonment requirement. 48 Kan. App. 2d at 353-55; see also *State v. Frazier*, 248 Kan. 963, 972, 811 P.2d 1240 (1991) (when defendant was a juvenile at the time he committed the offense, he must be sentenced "pursuant to the Juvenile Offenders Code and . . . is not subject to the mandatory five-day sentence pursuant to K.S.A. 1990 Supp. 8-262[a][3].").

The statute at issue here, K.S.A. 2010 Supp. 8-1567(f)(1), exemplifies the legislature's requiring a defendant to actually serve a minimum sentence before being released to probation. Hollie admits he did not complete the mandatory 90-day sentence. Therefore, he was not yet eligible for probation when the district court held its hearing in April 2014. See *Skillern*, 48 Kan. App. 2d at 355 ("The legislature knows how to require a defendant to serve a portion of the minimum sentence before probation or a suspended

7

sentence can be granted, as the legislature has indicated in other subsections of the domestic battery statute and also in the DUI statute.").

The district court did not err when it determined that under K.S.A. 2010 Supp. 8-1567(f)(1), Hollie had to finish serving his mandatory 90 days before becoming eligible for probation.

Affirmed.