NOT DESIGNATED FOR PUBLICATION

No. 121,847

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEREMY SIDWELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed October 30, 2020. Affirmed in part, vacated in part, and remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., SCHROEDER and WARNER, JJ.

PER CURIAM: After Jeremy Sidwell admitted to violating the terms of his probation by using methamphetamine and failing to make payments toward costs and fees, the district court revoked his probation and ordered him to serve the underlying prison sentence. In this direct appeal, Sidwell argues that the district court erred by revoking his probation because (1) he had already been sanctioned for the drug use; (2) the district court made insufficient findings to support revocation based on a failure to make payments; and (3) the district court should have imposed an intermediate prison sanction rather than ordering him to serve his underlying sentence. For the reasons explained below, we disagree with Sidwell's challenges to the district court's finding that

1

he violated his probation, but we agree that the district court erred in determining how to sanction him. Thus, we affirm in part, vacate the revocation, and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2018, Sidwell pleaded no contest to one count of aggravated battery while driving under the influence. The district court imposed an underlying sentence of 36 months in prison but then granted him 24 months of probation. The court also ordered Sidwell to pay certain costs and fees.

In 2019, Sidwell admitted to violating the terms of his probation on three occasions:

- On March 15, 2019, Sidwell signed a statement admitting to violating the terms of his probation by using methamphetamine. Sidwell waived his right to a hearing on the probation violation and agreed to complete a 48-hour jail sanction.

- On June 14, 2019, Sidwell signed a statement admitting to violating the terms of his probation by using methamphetamine a second time. He again waived his right to a probation violation hearing and agreed to complete a 72-hour jail sanction.

- On June 26, 2019, Sidwell's intensive supervision office (ISO) obtained a warrant for Sidwell's arrest, alleging that Sidwell had violated his probation (1) by admitting on June 14, 2019, that he had used methamphetamine on June 12 and (2) by failing to pay court costs and fees as directed. The district court held a hearing on August 9, 2019, on allegations contained in the June 26 warrant. Sidwell waived his right to an evidentiary hearing and admitted the two alleged violations.

Based on these representations at the hearing, the district court found Sidwell had again violated his probation. The court then heard argument on the proper disposition in light of these violations, ultimately revoking Sidwell's probation and ordering him to serve the remainder of his underlying prison sentence. Sidwell appeals.

DISCUSSION

Sidwell presents two issues for our review. First, though he admitted the probation violations alleged at the August 9 hearing, he now contends that the district court erred by finding that he violated his probation. And second, he asserts the district court erred when it found it had no discretion to impose sanctions other than revoking his probation.

1. *The record supports the district court's finding that Sidwell violated the terms of his probation.*

Generally, the decision whether to revoke probation "rests within the sound discretion of the district court." *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). The degree of discretion a district court may exercise, however, varies based on the contours of the question before it. A district court does not have discretion to commit an error of law or disregard statutory limitations or legal standards. See *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015); *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). But a district court "has no 'discretion in a probation revocation proceeding'" to render a disposition until the evidence establishes that a violation of probation has occurred. 52 Kan. App. 2d at 782 (quoting *State v. Garcia*, 31 Kan. App. 2d 338, 341, 64 P.3d 465 [2003]). The State must establish whether the probationer has violated the terms of the probation by a preponderance of the evidence—that the violation "'is more probably true than not true.'" *Lloyd*, 52 Kan. App. 2d at 782 (quoting *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 [2007], *rev. denied* 286 Kan. 1183 [2008]). We review the district court's factual findings for substantial competent evidence. 38 Kan. App. 2d at 315.

3

Although Sidwell concedes that he waived his right to an evidentiary hearing and admitted to the violations at the revocation hearing, he now argues that we should consider what he characterizes as a purely legal challenge to the district court's finding that he violated his probation. The State does not address whether Sidwell's arguments are properly before us, instead moving directly to the merits of the issue.

Ordinarily, a party may not raise an issue for the first time on appeal. *State v. Barber*, 302 Kan. 367, 385, 353 P.3d 1108 (2015). But an exception to this general rule includes when "[t]he newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case." *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Sidwell asserts that this exception applies, allowing him to challenge the validity of the district court's holding that he violated his probation. He argues that though he admitted on June 14 to previous drug use, he already served an agreed-upon 72-hour jail sanction for that violation, so it could no longer be considered as a violation at his revocation hearing.

In order to fully consider his argument, we must resolve a factual question—which instances of methamphetamine use were related to the sanctions Sidwell agreed to serve before the revocation hearing and which were addressed on August 9? The district court held at the August 9 hearing that Sidwell violated his probation in two ways: by using methamphetamine on June 12, 2019, and by failing to make payments toward the costs and fees he owed. Sidwell argues that the district court erred by considering the June 12 use of methamphetamine as a violation because he had already accepted and served a 72-hour sanction for that drug use. As the State points out, however, the record does not support this assertion.

The record on appeal contains two documents entitled "Waiver of Rights to Court Hearing and Counsel and Consent to Serve Jail Sanction"—one each for the jail sanctions

4

Sidwell agreed to serve in March and June 2019. Each form states that Sidwell "submitted a Statement of Admittance to using Methamphetamine," but neither indicates the dates on which he used drugs. The statements themselves are not included in the record on appeal. The record does contain a probation report completed by Sidwell's ISO on August 9, 2019, however. This report clarifies that the March 2019 jail sanction was "for Admitting to Using Meth on 2/13/19" and the June 2019 jail sanction was "for Admitting to Using Meth on 5/17/19." Thus, Sidwell's June 12, 2019, use of methamphetamine was only considered as a probation violation at the August 9, 2019 revocation hearing—which explains why he stipulated to the violation at that time. His argument to the contrary fails.

When one ground a district court relied on to revoke probation is valid, it does not matter if another ground was invalid. See *State v. Grossman*, 45 Kan. App. 2d 420, 428, 248 P.3d 776 (2011). Thus, because the district court did not err in considering Sidwell's admitted June 12 use of methamphetamine to be a probation violation, we need not consider Sidwell's additional argument that the district court erred by finding that he also violated his probation by failing to pay costs and fines. We note, however, that Kansas law has long held that a district court "must consider why a probationer failed to pay a fine or court costs or make restitution as required by the conditions of probation" before probation may be revoked. *State v. Duke*, 10 Kan. App. 2d 392, 395, 699 P.2d 576 (1985).

The district court's finding that Sidwell violated the terms of his probation is supported by evidence in the record.

2. *The district court erred when it concluded it did not have discretion to impose an intermediate sanction because the pre-2019 dispositional framework governs Sidwell's case.*

Sidwell also argues that the district court abused its discretion in revoking his probation without first ordering him to serve a 120- or 180-day prison sanction. Once again, Sidwell did not raise this argument in the district court. But as he argues, this is a question of law that requires no factual determinations and may dispose of the appeal, so we will address it. See *Phillips*, 299 Kan. at 493.

K.S.A. 22-3716 sets forth the procedure by which a district court may impose sanctions upon or revoke the probation of an individual who violates the terms of his or her probation. Sidwell committed his crime of conviction on June 15, 2017. At that time, the first sanction available to a district court—other than modifying conditions of probation—was a two- or three-day jail sanction. See K.S.A. 2016 Supp. 22-3716(c)(1)(B). After at least one such jail sanction was imposed and another probation violation occurred, the district court could impose a sanction of 120 or 180 days in prison. K.S.A. 2016 Supp. 22-3716(c)(1)(C)-(D). And unless certain bypass exceptions applied, only after a 120- or 180-day prison sanction was imposed and another violation occurred could the district court order Sidwell to serve his underlying prison sentence. K.S.A. 2016 Supp. 22-3716(c)(1)(E).

In July 2019, after Sidwell violated his probation but before the hearing on that violation, certain amendments to K.S.A. 22-3716 eliminated the 120- and 180-day prison sanctions. L. 2019, ch. 59, § 10; see K.S.A. 2019 Supp. 22-3716. Recognizing this, the district court opined at Sidwell's revocation hearing:

> "[T]his may be a case where a 120- or a 180-day [prison] sanction may have been the appropriate sanction, but the legislature did away with that. In their wisdom, I guess, did away with that ability for the court to impose that next step on the intermediate sanction track. And that may have served Mr. Sidwell well. But that is not a possibility here."

6

Sidwell argues that the district court erred as a matter of law by holding that it was not able to impose an intermediate prison sanction.

"Where the issue is the propriety of the sanction imposed by the trial court for a probationer's violation of the terms and conditions of probation, the standard of review is an abuse of discretion." *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion if its "ruling is based on an error of law." *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018). This includes a situation when a court's decision "'goes outside the framework of or fails to properly consider statutory limitations.'" 308 Kan. at 903.

To its credit, the State acknowledges that after Sidwell filed his appellate brief in this case, the Kansas Supreme Court held that amendments to K.S.A. 22-3716 which became effective after July 1, 2014 do not retroactively apply to probationers who committed their crimes of conviction prior to the date the amendment became effective. See *Coleman*, 311 Kan. at 334-37. In other words, any amendments enacted after July 1, 2014, apply only to probationers whose crimes of conviction occurred on or after the effective dates of those amendments. Accordingly, the State acknowledges that under this court's application of *Coleman*, the version of K.S.A. 22-3716 in effect in June 2017— when Sidwell committed his current crime of conviction—controlled the available and required sanctions for Sidwell's 2019 probation violations. The State argues, however, that *Coleman* does not require reversal or remand because the district court in this case properly applied one of the statutory provisions that allows a court to bypass the intermediate prison sanction.

K.S.A. 2016 Supp. 22-3716(c)(9) allowed a district court to revoke probation "without having previously imposed a[n intermediate] sanction . . . if the court finds and sets forth with particularity the reasons for finding that the safety of members of the

public will be jeopardized or that the welfare of the offender will not be served by such sanction." The State contends that the district court revoked Sidwell's probation pursuant to this subsection, and it asserts that Sidwell has not shown that doing so was an abuse of discretion. Perhaps anticipating this argument, Sidwell argues that the district court's findings on public safety and his own welfare were insufficient.

If a district court wishes to apply K.S.A. 2016 Supp. 22-3716(c)(9), it must make findings that are "''distinct, rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.'''" *State v. Dooley*, 308 Kan. 641, 652, 423 P.3d 469 (2018). Because the statute requires particularized findings, "'an implicit determination is not enough.'" 308 Kan. at 652. In this case, the district court explained at length the reasons for his finding that continuing Sidwell's probation would jeopardize public safety. He explained that the crime of conviction resulted from Sidwell driving while intoxicated and crashing into a curb, a fence, and a power pole, resulting in severe injuries to his passenger. The district court emphasized that Sidwell's continuing use of methamphetamine caused concern because Sidwell had already injured one person while using alcohol.

We need not resolve whether the district court's findings were sufficiently particularized, however, because even assuming solely for the sake of argument that they were, the fact remains that the district court invoked this bypass provision while under the belief that 120- and 180-day prison sanctions were unavailable. In light of *Coleman*, that belief was a misunderstanding of the law. The State argues that Sidwell must "show that he was adversely affected by" the misunderstanding by "demonstrat[ing] that he would have been the beneficiary of those extended sanctions had the court been of the opinion such were an option." We disagree.

First, the State cites no legal authority to support its assertion, which is akin to waiving the argument. See *State v. Boysaw*, 309 Kan. 526, 542, 439 P.3d 909 (2019)

8

("When a party fails to support an argument with relevant authority or show why the argument is sound despite a lack of supporting authority . . . , this court deems the argument waived and abandoned for failure to brief the issue."). Second, we historically have not required defendants to prove that a different and more beneficial outcome would have occurred before we grant relief in cases where a district court has misunderstood its authority. See, e.g., *State v. Skillern*, 48 Kan. App. 2d 350, 355, 288 P.3d 147 (2012) (vacating sentence and remanding "for the district court to exercise its discretion" when the district court had erroneously believed it was required to order the defendant to serve 48 hours in custody). The harm effected in such cases does not flow from any prejudicial result; rather, it stems from the district court's lack of awareness of all its options, which prevented it from fully exercising its discretion. In other words, the defendant was denied the district court's full consideration of all the sanctions available to it.

If we were to follow the State's recommendation and affirm based on the bypass provision, we would be implicitly holding that the district court would not have ordered intermediate prison sanctions had it understood they were available. Given the district court's statements at the hearing, such an implied holding is unwarranted. But more importantly, it is not our role as an appellate court to determine in the first instance which discretionary option a district court should choose. See *State v. Warren*, 297 Kan. 881, 887, 304 P.3d 1288 (2013). Rather, when a district court "'wrongly concluded that it could not even consider [the] issue,'" we must "'remand for resentencing so that the district court may properly exercise the discretion given to it by statute.'" 297 Kan. at 887 (quoting and adopting *State v. Warren*, 47 Kan. App. 2d 57, 64, 270 P.3d 13 [2012], *aff'd* 297 Kan. 881, 304 P.3d 1288 [2013]).

The district court here did not fully exercise its discretion because it mistakenly believed that it could not impose an intermediate prison sanction. We therefore vacate the revocation order and remand for the district court to fully exercise its discretion and determine the appropriate sanction for Sidwell's probation violations. We note that

because we have affirmed the district court's holding that Sidwell violated his probation, the remand proceedings need only address the appropriate sanction to be rendered.

Affirmed in part, vacated in part, and remanded with directions.