No. 99,781

STATE OF KANSAS, *Appellee*, v. WILLIE J. DALE, *Appellant*.

(267 P.3d 743)

Opinion filed December 23, 2011.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Keith E. Schroeder*, district attorney, argued the cause, and *Steve Six*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: The Court of Appeals affirmed Willie J. Dale's jury convictions of attempted first-degree murder, aggravated robbery, and three counts of aggravated assault. *State v. Dale*, 2009 WL 1591400 (Kan. App. 2009) (unpublished opinion). We granted Dale's petition for review on the single issue of whether the district court erred in admitting a slow motion version of a patrol-car video. Dale argues the video violated the best evidence rule and was cumulative. We conclude that because the best evidence, *i.e.*, the original video, already had been admitted at trial and the modified video was not introduced to prove or disprove the content of the original video, the video's admission did not violate the best evidence rule. And because the video was not unduly repetitious and added something to the State's case, we hold its admission was not cumulative.

### FACTUAL AND PROCEDURAL BACKGROUND

The evidence at trial showed that Dale robbed a flower shop using a gun and then attempted to flee on foot from law enforcement officers. Dale's flight ended abruptly when he shot at Hutchinson Police Sergeant Clay Rothe, who had stepped out of his patrol vehicle. Sergeant Rothe returned fire, injuring Dale. Dale was arrested and charged with attempted first-degree murder, two counts of attempted second-degree murder with two alternative counts of aggravated assault, aggravated robbery, and one additional count of aggravated assault.

At trial, the State admitted a DVD, Exhibit 11, which contained video of the incident taken from Sergeant Rothe's patrol car. The State then identified and sought to admit a separate DVD, Exhibit 15, a slow motion enhancement of Exhibit 11. Dale objected, arguing the video was cumulative and violated the best evidence rule, because "the best evidence would be the original [Exhibit 11]." The district court overruled Dale's objection.

After the jury convicted Dale of attempted first-degree murder, aggravated robbery, and three counts of aggravated assault, the trial court sentenced him to 753 months' imprisonment. Dale appealed on multiple grounds, and the Court of Appeals affirmed his convictions. *State v. Dale*, No. 99,781, 2009 WL 1591400, at *1-2 (Kan.

App. 2009) (unpublished opinion). We granted Dale's petition for review on the single issue of whether the district court erred by admitting the modified version of the patrol-car video.

## ANALYSIS

Dale contends the admission of Exhibit 15, the slow motion enhancement of Exhibit 11, violated the best evidence rule as codified at K.S.A. 60-467(a). The State argues the best evidence rule does not apply because Exhibit 11 was the best evidence and was admitted at trial. Further, the State points out that Exhibit 15 was not offered as a substitute for the original video but rather was offered in addition to the original video.

The Court of Appeals concluded the district court did not err in admitting Exhibit 15:

"Applying the best evidence rule to the videos at issue here, the original, full speed video was the best evidence. However, Exhibit 15 showed the exact same events and was supported by an adequate foundation as being the same video as the original, although played at a slower speed. Dale presents no authority to support his position that merely slowing the playback speed of a video depicting identical events and from an identical source as the full speed video makes the slow motion video something less than the best evidence." *Dale*, 2009 WL 1591400, at *2.

Resolution of Dale's assertion requires interpretation of a statute, a question of law over which we have unlimited review. See *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010); *State v. Riojas*, 288 Kan. 379, 382-83, 204 P.3d 578 (2009).

The best evidence rule provides: "As tending to prove the content of a writing, no evidence other than the writing itself is admissible, except as otherwise provided in these rules." K.S.A. 60-467(a). K.S.A. 60-401(m) defines "writing" to mean "handwriting, typewriting, printing, Photostatting, photographing and every other means of recording upon any tangible thing any form or communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof."

Under the plain language of the statute, a video qualifies as a "writing" because it is a means of recording upon a tangible thing—

here, a DVD—any form of communication or representation— here, a combination of moving pictures and sounds.

But the video's qualification as a writing does not automatically require application of the best evidence rule. Rather, that rule applies only when the challenged evidence is introduced to prove the content of a writing. Here, the State did not introduce Exhibit 15 to prove the content of the writing (*i.e.*, the video) because the best evidence—the original video—had already been admitted as Exhibit 11. Thus, the admission of the slow motion video, Exhibit 15, did not violate the best evidence rule.

Dale also argues the district court abused its discretion in admitting Exhibit 15 because it was cumulative and unduly repetitive. Dale points out that Exhibit 11, which accurately represented the events without enhancement, had already been shown several times to the jury. The State contends Exhibit 15 was not unduly repetitious and added to the State's case because it "provided the jury with a slowed down view."

The Court of Appeals found Exhibit 15 was not unduly repetitious: "It was offered to 'aid the jury in determining the facts' relating to the sequence of events in the exchange of gunfire between Dale and Rothe. Specifically, Exhibit 15 could have helped jurors determine the actual sequence of events as they occurred over a very short space of time. [Citation omitted.]" *Dale*, 2009 WL 1591400, at *3.

We review a question of whether evidence is cumulative for an abuse of discretion. *State v. McCaslin*, 291 Kan. 697, Syl. ¶ 18, 245 P.3d 1030 (2011). See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011) (stating abuse of discretion standard of review).

To support his argument that Exhibit 15 was unduly repetitious, Dale cites *State v. Pennington*, 276 Kan. 841, 848, 80 P.3d 44 (2003), where the defendant argued the district court erred in admitting numerous photos depicting multiple views of the same wound because the photos were unduly repetitive and added nothing to the State's case. However, the facts here are not analogous to those in *Pennington*. Here, the admission of a single exhibit, a slow motion version of an earlier-admitted exhibit, enabled the jury to more carefully review the actual sequence of events and

shots fired. Further, the video corroborated Sergeant Rothe's testimony as to the sequence of events. Because Exhibit 15 was not cumulative or unduly repetitious of Exhibit 11, the district court did not abuse its discretion in admitting Exhibit 15.

Finally, Dale argues the district court abused its discretion in admitting Exhibit 15 because the video was more prejudicial than probative. Specifically, Dale suggests the jury's viewing of the slow motion video may have misled the jury into believing that Dale had sufficient opportunity to premeditate the shooting. However, at trial, Dale objected to the introduction of Exhibit 15 as cumulative and as violating the best evidence rule—not as being more prejudicial than probative. Therefore, we are precluded from reviewing this issue on appeal. See *McCaslin,* 291 Kan. 697, Syl. ¶ 2.

Accordingly, we affirm the Court of Appeals' decision affirming Dale's convictions and sentence.