(312 P.3d 393)
No. 109,355

## In the Matter of A.M.M.-H.

Opinion filed November 8, 2013.

*Michael J. Bartee*, of Michael J. Bartee, P.A., of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., PIERRON and HILL, JJ.

PIERRON, J.: In September 2010, the State charged 15-year-old A.M.M.-H. with rape, aggravated criminal sodomy, and aggravated intimidation of a witness. In April 2011, A.M.M.-H. pled guilty to aggravated indecent liberties with a child and aggravated intimidation of a witness. The parties agreed to proceed under extended juvenile jurisdiction proceedings found in K.S.A. 2012 Supp. 38-2347(a)(3). For his juvenile sentence, the district court ordered A.M.M.-H. to serve 24 months' incarceration at the juvenile correction facility and then 24 months' aftercare. For his adult sentence, the court ordered A.M.M.-H. to serve 59 months' incarceration at the Kansas Department of Corrections for aggravated indecent liberties with a child and a concurrent sentence of 18 months for aggravated intimidation of a witness. The court left the amount of restitution open but ordered costs in the amount of $823.

In September 2012, A.M.M.-H. signed several documents in order to effectuate his conditional release from the juvenile correctional facility. A.M.M.-H. signed a "Conditional Release Contract" that provided the following conditions:

"A. Education, Work and/or Training: If I am under the age of 18 or have not attained a GED, I will attend school in compliance with the compulsory school attendance laws, or participate in an approved educational or vocational/job training program. Otherwise, I will actively seek, obtain and maintain approved employment.

"B. Legal: I will obey all federal, state, county, and local laws, resolutions and ordinances.

"C. Case Plan: I will comply with all conditions listed in my Case Plan.

"D. Community Supervision Agency: I will comply with all program guidelines as set forth by Johnson County Community Corrections. I will report as directed, attend and actively participate in all services and activities as required.

"E. Reporting Requirements: I will contact my community supervision officer within 48 hours, excluding weekends/holidays.

"F. Sex Offender Registration: Required to Register."

The conditional release contract also provided the following consequences for violations of the contract: "Any violation of the Conditional Release Contract is a violation of State Law (K.S.A. 38-

2375) and may result in court action to extend the terms of your Release Contract and/or to modify the conditions of your Conditional Release Contract, or to return you to the Juvenile Correctional Facility."

The second document A.M.M.-H. signed was entitled "Formal Acknowledgment of the Conditional Release Contract." A.M.M.-H. agreed as follows:

"I, [A.M.M.-H.], have reviewed the court-ordered conditions of my Probation with my Intensive Supervision Officer. This is to acknowledge I fully understand the requirements of the court order and I realize failure to complete any or all of the probations conditions can result in a revocation of probation being brought to the Court's attention."

The last document signed by A.M.M.-H. was entitled "Juvenile Intensive Supervision Contract." It provided a list of requirements for A.M.M.-H.: (1) obey the laws and notify his intensive supervision officer (ISO) within 48 hours of *any* contact with the police; (2) report as directed by his ISO; (3) obey curfew; (4) only use his legal name; (5) pay costs and fees ordered by the court; (6) only operate a properly licensed vehicle and only with a valid driver's license; (7) do not use drugs or intoxicating substances; (8) 12 weeks' house arrest; (9) attend school; (10) do not associate with others involved in illegal activity; (11) do not possess dangerous weapons; (12) do not threaten anyone; (13) cannot be an informant; and (14) information about him would be shared with other agencies. This contract provided the following consequences for committing a violation:

"The Respondent may be placed in confinement at the Juvenile Detention Center (or Adult Detention Center if over the age of 18), placed on House Arrest, or directed to appear in front of the Juvenile Field Services Review Board, if he/she does not comply with the Supervision Contract, Case Supervision Plan, and/or Conditional Release Contract."

On September 17, 2012, A.M.M.-H. appeared in district court for a permanency hearing. The court entered an order establishing reintegration with the specific finding: "[A.M.M.-H.] has been reintegrated and is ordered to follow all conditions of conditional release."

Just over a month after starting his conditional release, A.M.M.-H.'s ISO reported that A.M.M.-H. had left home and failed to return. A warrant was issued for his arrest on November 21, 2012, and he was taken into custody on November 26, 2012. The State filed a motion to revoke A.M.M.-H.'s juvenile sentence and impose the adult sentence. The State alleged A.M.M.-H. had failed to notify his ISO of contact with the police involving A.M.M.-H.'s association with known gang members, he had failed to abide by curfew by running away, and he had failed to pay correction and court fees. The district court held a full evidentiary hearing on the State's motion and granted the same. After revoking A.M.M.-H.'s conditional release, the district court imposed A.M.M.-H.'s 59-month adult sentence and ordered him into the custody of the Department of Corrections. A.M.M.-H. appeals.

A.M.M.-H. asks us to strictly construe the juvenile extended jurisdiction statutes in his favor by finding that the conditions of his conditional release were not conditions of his juvenile sentence and therefore he did not violate the conditions of his juvenile sentence. As a result, he argues his adult sentence could not be imposed under K.S.A. 2012 Supp. 38-2364(a)(2).

A.M.M.-H.'s statutory arguments on appeal provide us with an unlimited standard of review. Interpretation of a statute is a question of law over which the appellate courts have unlimited review. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011). An examination of the juvenile statutes at issue will prove helpful.

The procedures for an extended jurisdiction juvenile adjudication are set out in K.S.A. 2012 Supp. 38-2364. Extended jurisdiction juvenile prosecution became effective in 1997 and is a mechanism whereby serious or repeat juvenile offenders who might otherwise have been prosecuted as an adult may remain in the juvenile sentencing system. See *In re L.M.*, 286 Kan. 460, 485, 186 P.3d 164 (2008). Upon the juvenile's plea to or a court finding of guilt on the charged offense under K.S.A. 2012 Supp. 38-2364(a)(1), the court imposes a juvenile punishment consistent with K.S.A. 2012 Supp. 38-2361; those punishment options run the gamut from probation to confinement in a juvenile detention facility, substance abuse treatment to vocational training, and resti-

tution to community service work. At the same time, the juvenile court shall "impose an adult criminal sentence." K.S.A. 2012 Supp. 38-2364(a)(2). The adult sentence "shall be stayed on the condition that the juvenile offender not violate the provisions of the juvenile sentence and not commit a new offense." K.S.A. 2012 Supp. 38-2364(a)(2).

If the juvenile violates the conditions of the juvenile sentence, the juvenile court may immediately lift the stay—meaning the adult sentence will be carried out—and, if consistent with the adult sentence, order the offender into the custody of the Department of Corrections. K.S.A. 2012 Supp. 38-2364(b). The juvenile is entitled to a hearing to challenge the alleged violations. If the court finds a violation of the conditions, "the court shall revoke the juvenile sentence and order the imposition of the adult sentence previously ordered." K.S.A. 2012 Supp. 38-2364(b). At that point, the juvenile court's jurisdiction ends. In turn, "[t]he ongoing jurisdiction for any adult sanction, other than the commitment to the department of corrections, is with the adult court." K.S.A. 2012 Supp. 38-2364(b).

A.M.M.-H.'s theory is based on the language in K.S.A. 2012 Supp. 38-2364(a)(2) providing that in this situation an adult sentence "shall be stayed on the condition that the juvenile offender not violate the provisions of the *juvenile sentence* and not commit a new offense." (Emphasis added.) A.M.M.-H. cites several statutes to demonstrate that the commissioner of the juvenile justice authority, not the courts, sets the requirements of a juvenile's conditional release and, therefore, those conditions should not be considered part of the "juvenile sentence." See K.S.A. 2012 Supp. 38-2302(b) (aftercare term conditions established by commissioner); K.S.A. 2012 Supp. 38-2374(a) (commissioner establishes the conditions upon which the juvenile can be release from the juvenile correctional facility); K.S.A. 2012 Supp. 38-2374(c) (district court can recommend modifications or additions to the conditions established by the commissioner of the juvenile justice authority). We find A.M.M.-H.'s argument to be unavailing.

First, the district court classified A.M.M.-H. as a "violent offender II." See K.S.A. 2012 Supp. 38-2369(a)(1)(B). This classifi-

cation allowed the court to sentence him to the juvenile correctional facility for a period of incarceration and also a term of aftercare:

"Offenders in this category may be committed to a juvenile correctional facility for a minimum term of 24 months and up to a maximum term of the offender reaching the age of 22 years, six months. The aftercare term for this offender is set at a minimum term of six months and up to a maximum term of the offender reaching the age of 23 years." K.S.A. 2012 Supp. 38-2369(a)(1)(B).

A specific part of A.M.M.-H.'s sentence, as ordered by the district court, included a term of aftercare—A.M.M.-H. was sentenced to 24 months' juvenile incarceration and 24 months' aftercare. As correctly pointed out by A.M.M.-H., the commissioner of the juvenile justice authority sets the conditions of the aftercare, not the district court. See K.S.A. 2012 Supp. 38-2302(a), (b). However, the aftercare is still a component of A.M.M.-H.'s juvenile sentence, and a violation of the juvenile sentence has consequences. The adult sentence "shall be stayed on the condition that the juvenile offender not violate the provisions of the juvenile sentence and not commit a new offense." K.S.A. 2012 Supp. 38-2364(a)(2).

A.M.M.-H. contends he could not be ordered to serve his adult sentence as a consequence for violating his conditional release. We disagree. A.M.M.-H. cites K.S.A. 2012 Supp. 38-2375, which provides for a hearing on a motion alleging violations of conditional release:

"If [after a hearing] the court finds that a condition of release has been violated, the court may modify or impose additional conditions of release that the court considers appropriate or order that the juvenile offender be returned to the juvenile correctional facility to serve the conditional release revocation incarceration and aftercare term set by the court pursuant to the placement matrix as provided in K.S.A. 2012 Supp. 38-2369, and amendments thereto."

We acknowledge that reinstatement of the adult sentence is not specifically listed in K.S.A. 2012 Supp. 38-2375. Additionally, we also recognize that reinstatement of the adult sentence is not specifically listed in the documents quoted above and signed by A.M.M.-H. to permit the conditional release. A.M.M.-H. argues imposition of his adult sentence is inconsistent with the documents

he signed for his conditional release. However, K.S.A. 2012 Supp. 38-2369(a)(4) specifically addresses conditional release violators:

"(4) *Conditional Release Violators.* Upon finding the juvenile violated a requirement or requirements of conditional release, the court may:

(A) Subject to the limitations in subsection (a) of K.S.A. 2012 Supp. 38-2366, and amendments thereto, commit the offender directly to a juvenile correctional facility for a minimum term of three months and up to a maximum term of six months. The aftercare term for this offender shall be a minimum of two months and a maximum of six months, or the length of the aftercare originally ordered, whichever is longer.

(B) Enter one or more of the following orders:

(i) Recommend additional conditions be added to those of the existing conditional release.

(ii) Order the offender to serve a period of sanctions pursuant to subsection (f) of K.S.A. 2012 Supp. 38-2361, and amendments thereto.

(iii) Revoke or restrict the juvenile's driving privileges as described in subsection (c) of K.S.A. 2012 Supp. 38-2361, and amendments thereto.

(C) *Discharge the offender from the custody of the commissioner, release the commissioner from further responsibilities in the case and enter any other appropriate orders.*" (Emphasis added.)

K.S.A. 2012 Supp. 38-2369(a)(4)(C), in conjunction with the mandate under K.S.A. 2012 Supp. 38-2364(b) that if the court finds a violation of the conditions, "the court shall revoke the juvenile sentence and order the imposition of the adult sentence previously ordered," provides authority for the district court to order A.M.M.-H. to serve his adult sentence. At his permanency hearing, the district court ordered A.M.M.-H. to follow all the provisions of his conditional release. A.M.M.-H. failed to comply with those provisions and subjected himself to the consequences of K.S.A. 2012 Supp. 38-2369(a)(4)—one of those being discharge from the custody of the juvenile authority. In this appeal, A.M.M.-H. does not challenge the violations of his conditional release and therefore we will not discuss their sufficiency.

Our decision is supported by several cases that have imposed an adult sentence following violations of conditional release; however, the authority to do so was not challenged. See *State v. Sims*, 40 Kan. App. 2d 119, 121-22, 190 P.3d 271 (2008); *In re R.L.R.*, No. 107,129, 2012 WL 2926163 (Kan. App. 2012) (unpublished opin-

ion); *In re B.C.A.*, No. 99,452, 2008 WL 2679165 (Kan. App. 2008) (unpublished opinion).

Affirmed.