NOT DESIGNATED FOR PUBLICATION

No. 112,385

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of K.C.H., DOB: 1993

MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed October 23, 2015. Reversed and remanded with directions.

*Michael X. Llamas*, of Llamas Law, LLC, of Newton, for appellant.

*Jason R. Lane*, assistant county attorney, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*: K.C.H. pled no contest to one count of rape in an extended jurisdiction juvenile proceeding. He received both a juvenile adjudication—which included time in a juvenile correctional facility and aftercare—and an adult sentence— which was stayed on the condition that he not violate the provisions of his juvenile adjudication or commit a new offense. Following his release from a juvenile detention facility, K.C.H. was placed on conditional release. A few months later, the State filed a motion to revoke his conditional release. K.C.H. admitted to the allegations in the motion to revoke. As a result, the district court revoked his conditional release and ordered him to serve his adult sentence. Because it appears from the record that the district court believed that it was required to order that K.C.H. serve his entire underlying sentence, we vacate the sentence and remand for further consideration consistent with *In re A.M.M.-H.*, 300 Kan. 532, 539-40, 331 P.3d 775 (2014), which was decided after the disposition hearing held by the district court in this case.

1

On June 28, 2011, the State charged 17-year-old K.C.H with three counts of rape, one count of aggravated criminal sodomy, and one count of furnishing alcoholic beverages to a minor for illicit purposes. The district court denied the State's motion to prosecute as an adult and determined that it would proceed as an extended jurisdiction juvenile prosecution. On October 21, 2011, pursuant to a plea agreement, K.C.H. pled no contest to one count of rape, and the district court dismissed the remaining counts.

On November 3, 2011, the district court sentenced K.C.H. to the Juvenile Correctional Facility until the age of 21 and aftercare until the age of 23. Because it was an extended juvenile jurisdiction case, the district court also imposed a sentence of 120 months in the custody of the Secretary of Corrections. The adult sentence was only to "be served in the event of violation of conditions of placement or aftercare."

K.C.H. was released from detention on August 10, 2013, and placed on conditional release until his twenty-third birthday. The conditions of his release included that he would actively seek and maintain employment as well as comply with all program guidelines set by community corrections. He was assigned to Pathways Transitional Living Program. On January 30, 2014, K.C.H. agreed to serve a 3-day sanction at the Harvey County Detention Center for failing to comply with his sex offender safety plan. Then, on June 13, 2014, K.C.H. agreed to serve a 2-day jail sanction for testing positive to and admitting to smoking marijuana.

K.C.H.'s Intensive Supervision Officer moved to revoke K.C.H.'s conditional release on June 26, 2014. In the attached affidavit, K.C.H.'s Intensive Supervision Officer asserted that K.C.H. had again violated the terms of his conditional release. Specifically, it was alleged that he left Pathways without approval on June 25, 2014. It was further

alleged that he had failed to gain employment; had used marijuana and alcohol; and had violated Pathways' rules.

On July 23, 2014, the district court held a hearing on the motion to revoke. At the hearing, K.C.H. admitted to the allegations made by his Intensive Supervision Officer. Accordingly, the district court revoked his conditional release and remanded him to the custody of the Harvey County Sheriff pending a disposition hearing.

At the disposition hearing held on July 31, 2014, defense counsel submitted a letter suggesting that—based on K.S.A. 2014 Supp. 38-2364(b)—the district court had no discretion to modify K.C.H.'s adult sentence unless there was an agreement between his attorney and the State's attorney. Although defense counsel had requested that the prosecutor agree to a modified sentence, the State declined the request. Nevertheless, defense counsel argued that the district court should have the right to modify the adult sentence imposed and that it should do so in this case.

Ultimately, the district court determined that "[t]he law is that I'm to sentence [K.C.H.] to prison for 120 months." As such, a journal entry was entered that revoked K.C.H.'s conditional release and remanded him to the custody of the Secretary of Corrections to serve his 120-month adult sentence with credit given for good time and time served. Thereafter, on August 12, 2014, K.C.H. timely filed a notice of appeal.

ANALYSIS

On appeal, K.C.H. contends that the district court erred in revoking the stay on his adult sentence. Specifically, he argues that the district court mistakenly believed that it was required to impose the 120-month adult sentence. Accordingly, K.C.H. requests that we remand this case to the district court for reconsideration of his sentence.

3

Unfortunately, the district court did not have the benefit of the Kansas Supreme Court's holding in *In re A.M.M.-H.*, 300 Kan. at 539-40, at the time of the disposition hearing because it was not filed until August 8, 2014. In *A.M.M.-H.*, our Supreme Court found that K.S.A. 2014 Supp. 38-2364 applies in cases alleging violations of a conditional release contract in an extended jurisdiction juvenile prosecution. Moreover, it was held that "K.S.A. [2014] Supp. 38-2364(b) requires a mandatory execution of the adult sentence only if the juvenile has requested a hearing and the court has found a violation by a preponderance of the evidence." 300 Kan. at 540. In cases in which a district court schedules a hearing without a request by the juvenile, "the district judge retains discretion to determine whether a particular violation warrants revocation of the stay of the adult sentence just as he or she does if no notice has been provided to the juvenile at all." 300 Kan. at 540.

In *A.M.M.-H.*, our Supreme Court further found that "[i]t is an abuse of discretion for a district judge to fail to appreciate that he or she has discretion and then to exercise it." 300 Kan. at 540. Because the record was unclear on whether the district judge "knew he had discretion not to execute the adult sentence upon a finding of violation of the terms of A.M.M.-H.'s conditional release," the case was remanded for reconsideration by the district court. 300 Kan. at 540-41. In the present case, the record is also unclear whether the district judge realized he had discretion not to execute the 120-month adult sentence after finding that K.C.H. had violated the terms of his conditional release.

We note that the issue presented to the district court by K.C.H. was not identical to the issue presented in this appeal. The State, therefore, argues that K.C.H. waived his appellate argument by failing to present it to the district court. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Moreover, Supreme Court Rule 6.02(a)(5) (2014 Kan. Ct. R. Annot. 40) requires an appellant to explain why an issue that was not raised

4

below should be considered for the first time on appeal. See *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014).

In the *A.M.M.-H.* case, the issue was also not raised before the district court. In fact, the issue was not even presented in A.M.M.-H.'s appeal to this court. See *In re A.M.M.-H.*, 49 Kan. App. 2d 647, 312 P.3d 393 (2013). Nevertheless, the Kansas Supreme Court evidently thought that the issue was significant enough to be considered anyway. Specifically, our Supreme Court found the argument that mandatory lifting of the stay upon finding a violation of conditional release was "[i]mplicit in A.M.M.-H.'s argument." *In re A.M.M.-H.*, 300 Kan. at 539. Thus, we believe the issue is appropriately before us in this appeal.

Similar to *A.M.M.-H.*, there is a significant question in this case regarding whether the district court believed it had the discretion *not* to revoke the stay of K.C.H.'s adult sentence in the first place. Although the district court seemed to indicate during the first hearing that it might not revoke K.C.H.'s conditional release, it is unclear from the record if the district judge knew that he had discretion to determine whether the admitted violation of the terms of the conditional release was sufficient to warrant revocation of the stay of the 120-month adult sentence. Thus, just as the Kansas Supreme Court did in *A.M.M.-H.*, we conclude that justice requires that we vacate the order of revocation and remand this matter to the district court for reconsideration—exercising its sound discretion—of the State's motion to revoke.

Vacated and remanded.