NOT DESIGNATED FOR PUBLICATION

No. 115,756

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

WILLIE J. DALE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed March 3, 2017. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and BRUNS, JJ.

*Per Curiam*: Willie J. Dale appeals from the district court's decision summarily dismissing his K.S.A. 60-1507 motion as untimely. On appeal, Dale does not dispute that his motion was untimely. Rather, he argues that the district court's decision should be reversed because he was not given an adequate opportunity to demonstrate that the time limit should be extended to prevent manifest injustice. For the reasons set forth in this opinion, we do not find Dale's arguments to be persuasive. Thus, we affirm the summary dismissal of the K.S.A. 60-1507 motion.

1

On November 16, 2006, a jury found Dale guilty of one count of attempted first-degree murder, one count of aggravated robbery, and three counts of aggravated assault. On September 7, 2007, the district court sentenced him to a total of 753 months of imprisonment. Following his convictions and sentencing, Dale filed a direct appeal. On December 23, 2011, the Kansas Supreme Court affirmed Dale's convictions and sentence. *State v. Dale*, 293 Kan. 660, 267 P.3d 743 (2011); see *State v. Dale*, No. 99,781, 2009 WL 1591400 (Kan. App. 2009) (unpublished opinion).

On January 6, 2016, nearly 4 years after the mandate was issued, Dale filed a pro se K.S.A. 60-1507 motion. We note that the motion was evidently signed by Dale on December 10, 2015. However, we cannot determine from the record why the motion was not actually filed with the district court for more than 3 weeks. Regardless, it is undisputed that the motion was not filed within the 1-year time period provided by K.S.A. 60-1507(f).

As the grounds for his motion, Dale wrote:

"Wanton and willful conduct created a miscarriage of justice to petitioner[']s fundamental rights U.S. Const.,

"(a) K.S.A. 60-1507(f)(2), Sup. Ct. Rule 183(j) to prevent a manifest injustice by fraud upon the court.

"(b) K.S.A. 60-203(c) Entry of appearance; Supreme Court Rule 115; Supreme Court Rule 226. Professional conduct/misconduct K.R.P.C. I.O.N., lack personal jurisdiction of the subject-matter.

"(c) Sup. Ct. R. 226. KRPC I.O.E., Fraud."

As factual support for his allegations, Dale wrote:

"(a) Fact: *Pennoyer v. Neff*, 95 U.S. 714, 725, 24 L. Ed. 565 (1877). A court may acquire personal jurisdiction of the subject-matter in Kansas by voluntary entry of appearance. Jurisdictional!

"(b) Witness: Keith E. Schroeder #14224, Reno County Attorney 206 W. 1st St., 5th Floor, Hutchinson, Kansas 67501. (620) 694-2715

"(c) Proffered evidence: *State v. Dale*, Case No. 05-CR-1031 amended table of contents volume one document page 1., no entry of appearance!"

As a reason for not presenting his allegations previously, Dale wrote that there had been a "fundamental miscarriage of justice [and] he needed a good lawyer for his entitled-rights, process due." In addition, he stated the "court lack[ed] jurisdiction to the 'sentences' given to petitioner, are a nullity . . . K.S.A. 60-1507(a)."

Dale further states that his motion is based on ineffective assistance of counsel. Specifically, he contends: "Under the Kansas Rules of Professional Conduct petitioner's counsel lack[ed] personal jurisdiction of the subject matter pursuant to K.S.A. 60-203(c). See also Sup. Ct. R. 226, K.R.P.C. 1.0.-1.9. Attorneys 'entry of appearance' constitutional tort gross negligence, wanton misconduct failure to act competently want multiple entry of appearances."

On the same day that the motion was filed with the clerk of the district court, District Judge Trish Rose entered an order summarily dismissing the motion for failure to comply with the 1-year time limitation in K.S.A. 60-1507(f). Subsequently, Dale timely filed a notice of appeal, and the district court appointed appellate counsel to represent him before this court.

3

On appeal, Dale contends that the district court erred in summarily denying his K.S.A. 60-1507 motion. Specifically, he argues that the district court did not give his motion meaningful review. In response, the State argues that the district court did not err because the allegations in Dale's motion were insufficient to establish manifest injustice. The State also argues that the motion does not contain sufficient allegations to justify an evidentiary hearing.

Our review of the summary dismissal of a K.S.A. 60-1507 motion is de novo. See *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014). In the present case, Dale does not dispute the fact that his motion was untimely on its face. Instead, he suggests that the district court did not give his motion meaningful review and that he was not given an adequate opportunity to establish manifest injustice.

A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record. *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 (2011). The 1-year time limit for filing a K.S.A. 60-1507 motion unless the movant makes a showing of manifest injustice has been included in the statute since 2003. L. 2003, ch. 65, sec. 1. As such, Dale knew or should have known that he needed to allege manifest injustice in order to have his out-of-time appeal considered.

Manifest injustice must be determined from the totality of the circumstances, and when determining whether manifest injustice exists, courts should consider the following nonexhaustive list of factors: (1) whether the movant provided a persuasive reason or circumstances that prevented him or her from filing the motion within the time limitation; (2) whether the movant sets forth a colorable claim of actual, factual innocence; and (3)

whether the merits of the movant's claims raise substantial issues of fact or law deserving the district court's consideration. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

Although Dale used the words "manifest injustice" in two different places in his motion, he did not allege that he was somehow prevented from filing the K.S.A. 60-1507 motion in a timely manner. He also does not make a colorable claim of actual innocence in his motion. Thus, we find that Dale's K.S.A. 60-1507 motion did not raise substantial issues of law or questions of fact so that dismissal would constitute a manifest injustice.

Although the K.S.A. 60-1507 motion is difficult to follow, it appears that Dale is claiming his trial counsel was ineffective for failing to file an entry of appearance. He states that the evidence in support of this claim of error can be found in the record at Volume 1, Page 1 of his direct appeal. A review of the record—which includes a certified copy of the appearance docket and what would have been Volume 1, Page 1 of his record on direct appeal—clearly shows that the district court appointed Alice Osburn to represent Dale on January 13, 2006. Moreover, the record reflects that Osburn continued to represent Dale at trial and during sentencing. In addition, the record reflects that she timely filed the notice of direct appeal on Dale's behalf. Thus, we find that the motion, files, and records of the case conclusively establish that Dale is not entitled to relief.

Finally, we find that the district court gave Dale's motion meaningful review. As noted above, Dale signed his motion on December 10, 2015. As such, it is certainly possible that Judge Rose actually had a copy of the motion in her possession before it was filed stamped. However, even if we assume that Judge Rose did not see the motion until 3:33 p.m. on January 6, 2016, the record reflects that she had adequate time to read the motion, determine when the Kansas Supreme Court issued the mandate in the direct appeal, and issue a substantive written opinion by 4:11 p.m. Given the patent insufficiency of the allegations in the 60-1507 motion to raise even a colorable claim of

5

constitutional deprivation, let alone manifest injustice, the district court was not then required to make a detailed review of the record in the criminal case to rule.

We, therefore, conclude that the district court did not err in summarily dismissing Dale's K.S.A. 60-1507 motion.

Affirmed.