(311 P.3d 1161)

Nos. 102,256, 102,257

STATE OF KANSAS, *Appellee*, v. HEATHER PAGE HILTON, *Appellant.*

Opinion filed November 8, 2013.

*Matthew J. Edge*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, *Thomas J. Drees*, county attorney, and *Steve Six*, attorney general, for appellee.

Before LEBEN, P.J., ATCHESON and SCHROEDER, JJ.

LEBEN, J.: Heather Hilton was put on probation in two separate felony cases, and the district court followed the parties' agreement by making the two probations—each lasting 12 months—consecutive to one another. A month later, Hilton violated one of the conditions of her probation.

The State asked that probation be revoked in both cases and that Hilton be required to serve the prison sentences for both crimes. Hilton argued that since the probation terms were made consecutive to one another she was only serving the first probation at the time of the violation. As a result, she argued, the court could only revoke the probation for the first offense; meaning that she would only have to serve one of the two prison terms. The district court revoked probation in both cases and ordered her to serve both prison terms.

In this appeal, we have a single question to decide: If a district court has ordered two consecutive probation periods and the defendant violates the terms of probation during the first probation period, can the judge revoke both probations and order the defendant to serve both prison sentences? We conclude that the

judge can revoke both probations in this case, and we therefore affirm the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

This case has an unusual procedural background, and we need to go through some of that to properly set the stage to decide the legal issue presented to us. The first of Hilton's two felony convictions at issue here came in 2006 in case No. 05CR264; she was convicted of criminal damage to property for sinking someone else's motorboat. She was placed on probation for 12 months with an underlying 10-month prison sentence that would be served if she didn't successfully complete probation. A key condition of probation was that she make restitution to the boat owner. When the 12 months of probation was about to end, the court extended it for another 24 months because she still owed $15,484 in restitution. A probation can be extended when the defendant has not paid the full amount of restitution ordered by the court. See K.S.A. 21-4611(c)(7).

While still serving that probation, Hilton committed a new felony—attempted reckless aggravated battery—for an incident involving the spanking of a child. In the new case, No. 07CR312, Hilton was granted a 12-month probation with an underlying prison sentence of 8 months that would be served if she didn't successfully complete the probation.

Hilton and the State reached a written plea agreement on the new charge, but the written agreement didn't say what would happen to the probation in the property-damage case. A joint hearing was held to determine the sentence to be imposed in the attempted-reckless-aggravated-battery case (the court had the option of either probation or prison) and whether to revoke her probation and send her to prison in the damage-to-property case. By law, since the new felony was committed while Hilton was on a felony probation, the district court was required to make the prison sentences in the two cases consecutive to one another under K.S.A. 21-4608(c). Concurrent sentences share the same clock, so only the longest sentence is served; the shorter ones tick away alongside the longest sentence. Consecutive sentences run separately and

result in longer time in prison. See *Wilkinson v. State*, 40 Kan. App. 2d 741, 741, 195 P.3d 278 (2008). In Hilton's situation, though, she might not have to serve the consecutive sentences if she received probation on the new felony, reinstatement of probation for the older felony, *and* successfully completed the probation terms.

The district court noted that Hilton, then 31 years old, had 22 prior offenses, 11 of them felonies. The court nonetheless determined that Hilton would get another chance at probation in both cases. The court recognized that the prison sentences must be consecutive to one another but initially indicated that the probation terms would be concurrent, with only the prison sentences run consecutively. But the defense attorney told the court that the parties had agreed for the probation terms to be consecutive, and the court accepted that:

The Court: "And Ms. Page, you stipulate that you violated, by this conviction, your prior probation, and you agree under your agreement with [the prosecutor] that your probation in that [earlier] case would be revoked and reinstated and the probation would run concurrently but the sentencing would run consecutive; is that correct, [prosecutor]?"

Prosecutor: "I believe Your Honor can run everything consecutive. It's your choice. She still owes a considerable sum of money and restitution in the old case as well as this new conviction."

Defense Attorney: "Our agreement was consecutive, Your Honor."

The Court: "All right. The court will order that."

The district court entered written orders in both cases, which were signed by the judge, the prosecutor, and the defense attorney. In the order on the 2005 felony, the court noted that its probation term would run consecutive to the probation on the new felony: "Probation 05CR264 consecutive to probation in 07CR312 (12 + 12 = 24 mos)." In the order on the new felony, the court made a similar note: "Probation of 12 mos consecutive to the Probation of 12 mos in 05CR264, revoked and reinstated. Total of 24 mos probation to begin today. Probation through 1/12/11 total both cases."

The next month, Hilton admitted to her probation officer that she had been drinking in a bar, which violated the terms of her probation. After a hearing, the district court revoked her probation

in both cases and ordered that she serve the underlying, consecutive prison sentences. The district court rejected her argument that it had authority only to revoke the first of the two consecutive probation terms.

Hilton appealed to this court, but there were substantial delays in getting transcripts of court hearings prepared and in the attorneys for each side getting their briefs on file. By the time the case was ready to be heard in our court, Hilton had already served her prison sentence, so our court dismissed the case as moot. But the Kansas Supreme Court reversed that decision, concluding that there was an issue of public importance presented in this case that is capable of repetition, and it remanded the case to us for our consideration. *State v. Hilton*, 295 Kan. 845, 851-52, 286 P.3d 871 (2012).

## ANALYSIS

Hilton contends that the district court could not revoke the probation in both cases because—given the consecutive nature of the probation terms—one of the probation periods had not yet begun. According to Hilton, there is no statutory authority to revoke a probation that has not yet commenced, so the district court could not revoke probation in one of the cases (the one in which the probation was to be served second in time).

The State contends that when probation terms are ordered to run consecutively, they actually are both served together initially. Once the first probation term ends, the State contends that the defendant is only serving probation in the remaining case.

What's at issue here is a question of law—was the judge's sentencing order revoking both probations a lawful one? We review that question independently, without any required deference to the district court. See *State v. Ross*, 295 Kan. 1126, 1130-31, 289 P.3d 76 (2012). We cite to the sentencing statutes that were in place in March 2009 when the district court revoked Hilton's probation in the two cases.

Before getting to the question we must decide, we note that one question—whether the district court has authority to order probation terms to be served consecutively—is not before us in this

appeal. Hilton's attorney told the district court that both parties had agreed to make the probation terms consecutive. In addition, in her appellate brief, Hilton has never made the argument that the district court erred by running the probation terms consecutively. Instead, her sole issue on appeal was that the district court erred "by revoking probation in both cases . . . because a court cannot revoke probation for a violation that occurs before the term of probation begins." Hilton's appeal is premised on the fact that the probation terms were consecutive to one another.

Our statutes provide broad authority for the district court to place conditions on the grant of probation but little guidance about the specific question before us. K.S.A. 21-4603 provides that the district court may "release the defendant on probation subject to such conditions as the court may deem appropriate." Revocation of probation is provided for under K.S.A. 22-3716. That statute provides slightly different language based upon whether the crime was committed before Kansas adopted sentencing guidelines in 1993—a warrant may be issued for the arrest of the defendant for a probation violation "*[a]t any time during probation*, assignment to a community correctional services program, [or] suspension of sentence" for a pre-July 1, 1993, crime and "*at any time during which a defendant is serving a nonprison sanction*" for crimes committed after July 1, 1993. (Emphasis added.) K.S.A. 22-3716(a). The statute provides for procedures under which a warrant may be issued for the defendant's arrest for an apparent violation of probation conditions, for the potential detention of the defendant pending a hearing, and for revocation of the probation if the violation is established. K.S.A. 22-3716(a), (b).

Ultimately, we do not find the statutory language determinative because, as courts in other states have held, the district court has the inherent power to revoke an order of probation—even though the probation period has not yet begun—if the defendant has committed misconduct after entry of the order granting probation. See *Stafford v. State*, 455 So. 2d 385, 386-87 (Fla. 1984) (holding that district court has inherent power to revoke order of probation based on misconduct after entry of probation order even though probation period had not yet begun); *State v. Jacques*, 554 A.2d

193, 195 (R.I. 1989) (holding that an implied condition of good behavior attaches to probation from the moment of sentencing even if probation term has not yet formally begun); 24 C.J.S. Criminal Law § 2158 ("Under the exercise of its inherent power to revoke probation, the court can revoke an order of probation, the term of which is not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to an order of probation."). Under its inherent authority, the district court had the power to revoke the probation term that—based on the parties' agreement and the court's earlier orders—had not yet begun.

We find nothing inconsistent between this inherent power of the court and the language of K.S.A. 22-3716(a). It allows the issuance of a warrant for arrest when the defendant has violated "any of the conditions of release" while the defendant "is serving a nonprison sanction."

In one way of looking at our situation under the statute, Hilton was at least serving *a* nonprison sanction because even she agrees that one of the two probation terms was in effect. Under this way of looking at the case, one might interpret the statute to allow for the revocation of any probation that has been ordered when the offender has violated conditions of release while serving any other probation ("a nonprison sanction"), as Hilton was. Other courts have broadly interpreted their statutes authorizing probation revocation to allow a trial judge to revoke probation—even when the probation term has not yet begun—based on misconduct after the court announced the award of probation and its terms. See *United States v. Ross*, 503 F.2d 940, 942-43 (5th Cir. 1974) (holding that statute providing for revocation "at any time within the probation period" allowed revocation for acts that occurred before probation period formally commenced); *Enriquez v. State*, 781 P.2d 578, 579-80 (Alaska App. 1989) (holding that court has authority to revoke probation before probationary term has commenced under statute allowing revocation "at any time during the probationary term"); *Wright v. United States*, 315 A.2d 839, 840-41 (D.C. 1974) (holding that statute providing for revocation " 'during the probationary term' . . . should be construed for revocation purposes as including

the term beginning at the time probation is granted"); *Brown v. Com.*, 564 S.W.2d 21, 22-23 (Ky. App. 1977) (rejecting argument that revocation may occur only "during probation" based on statutory language); *contra State v. Stiffarm*, 359 Mont. 116, 118-20, 250 P.3d 300 (2011) (concluding that statute authorizing revocation of suspended sentence "during the period of suspension" didn't allow revocation for acts occurring before the suspended sentence begins); *State v. Deptula*, 34 Conn. App. 1, 9, 639 A.2d 1049 (1994) (holding that a statute authorizing revocation for a violation "[a]t any time during the period of probation" means that misconduct must have occurred while defendant was serving probation).

Another way of looking at our situation would be that K.S.A. 22-3716(a) only authorizes the issuance of a warrant for the defendant's arrest when there is an alleged violation "of the conditions of release" of the "nonprison sanction" the defendant is presently serving. Under this way of looking at our case, the district court could issue a warrant for Hilton's arrest for violation of the probation that all parties agree she was serving, but could not issue an arrest warrant—at least under the statute—related to the probation Hilton was not yet serving. But the inability to serve a warrant under the statute does not undermine any inherent authority the court may have to revoke a probation in circumstances not covered by the statute. And the statute arguably does not speak to the situation we have, in which the State asks that a probation be revoked before its term has commenced.

In sum, a court might interpret K.S.A. 22-3716(a) broadly, as courts in several states have done with their statute, so that its reference to "serving a nonprison sanction" would apply to Hilton. Or one might conclude that the statute doesn't cover this situation at all—in which case the court's inherent authority may remain in place unless contrary to the statute's commands.

What's clear from these cases is that there is a strong policy basis for the rule most other courts have applied. The Tennessee Court of Appeals emphasized that allowing a defendant to engage in prohibited conduct after probation has been granted—but before the term technically commences—would be contrary to the sentencing policies served by probation:

"[A]s noted by a majority of jurisdictions, sound public policy dictates that a defendant who has been sentenced, and is thereby on notice of any probationary terms, should not be granted free [rein] to violate those terms at will merely because the actual period of probation has not begun. Such an anomaly would be contrary to the express purposes and considerations of sentencing under Tennessee law." *State v. Conner*, 919 S.W.2d 48, 51 (Tenn. Crim. App. 1995).

Common sense and public-policy considerations both urge that the trial court should be able to revoke a probation that has been granted—even if it has not yet begun—if the defendant's conduct calls for revocation. *E.g., Ross*, 503 F.2d at 943 ("Sound policy requires that courts should be able to revoke probation for a defendant's [new] offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date."); *Parrish v. Ault*, 228 S.E.2d 808, 809 (Ga. 1976) ("It makes no sense to us to construe these statutes to mean that a convicted felon must begin serving his probated sentence before there can be a revocation of probation."); *Com. v. Wendowski*, 278 Pa. Super. 453, 420 A.2d 628 (1980) (concluding that probation may be revoked for misconduct, even though probation term hasn't yet begun, because allowing defendant to proceed with probation in that circumstance would be contrary to the public interest and the ends of justice).

Given the policy arguments that favor recognizing the inherent authority of a trial court to revoke probation for a defendant in Hilton's circumstance, we don't think it's necessary to parse whether the specific wording of K.S.A. 22-3716 allows revocation of a probation whose term has not yet commenced. A trial court cannot revoke probation based on a defendant's actions that occur *before* the defendant is even *granted* probation. *State v. Gary*, 282 Kan. 232, 241, 144 P.3d 634 (2006) (holding that probation couldn't be revoked based on act that occurred 3 days before probation was granted). But under the court's inherent authority, a defendant's misconduct *after* probation has been granted may be the basis for a court to revoke the probation, even if the probation term has not yet begun.

The misconduct at issue here—Hilton's admission that she had been drinking at a bar—was contrary to the terms of the probation

that was in effect. Hilton has not argued, either in the district court or on appeal, that this misconduct was insufficient to justify the revocation of her probation. Her only argument on appeal is that the second of the two, consecutive probation terms could not be revoked because it had not yet begun. We reject that argument, and we therefore affirm the district court's judgment.

\* \* \*

ATCHESON, J., concurring: We hold today that a district court has the inherent authority to revoke a probation that has been announced but has not yet begun. We do so in a case that no longer entails an active dispute between the parties but, rather, presents a legal issue considered to be of general interest and importance. In that context, I agree with the somewhat abstract principle stated in the syllabus point and the corresponding text. See 49 Kan. App. 2d 590-91. I am concerned, however, that the decision may be misconstrued and misapplied based on the factual circumstances out of which the issue arises, despite our caution to the contrary.

The question framed and answered is simply this: Can a district court grant probation to a defendant to begin sometime later and revoke it before then because the defendant proceeds to act in an untoward way inconsistent with that grant of leniency? Shorn of factual particularity, the correct answer must be "yes." I am not entirely sure just how or when that situation would actually arise under the Kansas sentencing regimen. But assuming that it did, a district court would have the authority to undo the probation and to require the defendant to serve the underlying prison sentence.

In this case, the district court purported to impose consecutive terms of probation on Defendant Heather Hilton for two comparatively low-level felonies. The State and Hilton asked the district court to do so. And on appeal, neither questioned the propriety of consecutive probations. As we noted, that issue is not before us; so we don't presume to decide it. 49 Kan. App. 2d 589-90. Our decision, therefore, should not be construed to implicitly or explicitly approve as legally proper the particular probation scheme applied to Hilton. With that understanding, I join in the decision. As my comments suggest, I entertain real doubt about the legal basis for

the consecutive probations imposed here. That issue, however, must await a case in which it has been raised and argued.