Nos. 102,256
102,257

STATE OF KANSAS, *Appellee,* v. HEATHER PAGE HILTON,
*Appellant.*
(349 P.3d 475)

Opinion filed May 22, 2015.

*Heather Cessna,* of Kansas Appellate Defender Office, argued the cause and was on the briefs for appellant.

*Thomas J. Drees,* county attorney, argued the cause, and *Kristafer R. Ailslieger,* deputy solicitor general, *Steve Six,* former attorney general, and *Derek Schmidt,* attorney general, were on the briefs for appellee.

*Per Curiam:* This court accepted this case on the petition for review filed by defendant Heather Page Hilton for the specific purpose of deciding whether both the first and second of Hilton's two consecutive 12-month probation terms could be revoked as a result of a violation that occurred during the first 12 months. A panel of our Court of Appeals had affirmed the district court's revocation of both of Hilton's probation terms. *State v. Hilton,* 49 Kan. App. 2d 586, 311 P.3d 1161 (2013).

On the way to the panel's ruling, the Court of Appeals judges left for another day the predicate issue of whether the district judge was empowered to grant consecutive probation terms to Hilton in the first place. 49 Kan. App. 2d at 589-90. Judge G. Gordon Atcheson expressed some reservation about the existence of such a power in a brief concurrence. 49 Kan. App. 2d at 594-95.

Earlier, we had effectively compelled the panel to address the merits of the dual revocation issue by granting a petition for review on the Court of Appeals' dismissal of Hilton's appeal as moot and

summarily reversing and remanding the case. *State v. Hilton*, 295 Kan. 845, 286 P.3d 871 (2012). Although Hilton had already completed service of the prison terms underlying the consecutive probations, we then believed the dual revocation issue to be one of public importance likely to arise in other cases. 295 Kan. at 851-52. As such, we further believed it to be a worthy exception to application of the mootness doctrine. 295 Kan. at 851-52.

On closer examination, we have concluded that the Court of Appeals had it right in the first place and that this appeal should be dismissed as moot.

It is logically and legally impossible to approve or disapprove of the panel's rationale in affirming the dual revocation without first addressing whether the district judge had the power to grant consecutive probation terms. But it would be unwise to decide that predicate question when the parties have not truly set up or argued opposing viewpoints and no client's fate hangs in the balance. Here, the parties agreed on the grant of consecutive probation terms in the district court, and neither questioned their propriety before the Court of Appeals or before this court. Our adversarial system typically depends upon committed advocacy to fully explore and expose strengths and weaknesses in pro and con arguments on the legal issues that come before us. We will follow the typical pattern here and await a more appropriate setting to consider whether a district judge may grant consecutive probation terms and, if so, under what circumstances such terms may be revoked.

The Court of Appeals decision is vacated. This appeal is dismissed.