NOT DESIGNATED FOR PUBLICATION

No. 120,162

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

GARRETT LEE BARNETT,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed August 2, 2019. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Officer, for appellant.

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

PER CURIAM: Garrett Lee Barnett pleaded no contest to felony domestic battery. The district court sentenced him to 90 days in jail, followed by 12 months of probation. The court ran his 90-day jail term consecutive to a 90-day jail term for a felony domestic battery conviction in another case. Barnett appeals, arguing the court did not have authority to run his two jail terms consecutively. We find the district court did have the authority to run his two jail terms consecutively.

1

FACTS

Barnett pleaded no contest to domestic battery, a nongrid person felony He also pleaded no contest to one count of cruelty to animals, a class A misdemeanor, and another count of domestic battery in case number 17CR1065, which is not part of this appeal.

In case 17CR1065, the district court had sentenced Barnett to a controlling term of 12 months' probation, with an underlying jail term of 12 months. In this case, the court sentenced him to 12 months' probation, with an underlying jail term of 12 months, to run consecutive to his sentence in case 17CR1065. In both cases, the court ordered Barnett to serve 90 days in jail before beginning probation. The court also ordered those jail terms to run consecutively, resulting in a 180-day jail term before Barnett could begin probation. Barnett appeals, challenging his 180-day jail term.

Because the record suggested that Barnett had already completed his jail term, a show cause order was issued to determine if this appeal was moot. The State responded Barnett had not begun his jail term yet so the case was not moot. About a week later, appellate counsel responded that Barnett had completed his jail term and the case was moot. Shortly after that, the State filed a custodial status notification stating that Barnett had begun serving his jail term on June 18, 2019. We choose to reach the merits of this case.

ANALYSIS

Barnett argues his sentence is illegal because neither K.S.A. 2018 Supp. 21-5414 nor any other statute grants the district court the authority to impose consecutive probation terms. The State responds the court had authority to impose consecutive jail

terms under either K.S.A. 2018 Supp. 21-6606 or under the common law as recognized in *State v. Quested*, 302 Kan. 262, 283, 352 P.3d 553 (2015).

A sentence's legality is a question of law subject to de novo review. Illegal sentences include sentences that do not conform to the applicable statutory provisions, either in character or punishment. And this court can consider the legality of Barnett's sentence for the first time on appeal because a court may correct an illegal sentence at any time. *State v. McLinn*, 307 Kan. 307, 349, 409 P.3d 1 (2018). To the extent this issue requires statutory interpretation, this court's review is also unlimited. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019).

The district court sentenced Barnett for felony domestic battery under K.S.A. 2018 Supp. 21-5414. That statute provides anyone convicted of felony domestic battery "shall be sentenced to not less than 90 days nor more than one year's imprisonment." K.S.A. 2018 Supp. 21-5414(c)(1)(C). In addition,  "[t]he offender convicted shall not be eligible for release on probation, suspension or reduction of sentence or parole until the offender has served at least 90 days' imprisonment." K.S.A. 2018 Supp. 21-5414(c)(1)(C).

The district court required Barnett to serve a 90-day jail term before being released on probation, which is required by statute. But the court also ordered the 90-day jail term to run consecutive to Barnett's 90-day jail term in case 17CR1065. As Barnett notes, nothing in the statute explicitly authorized the court to run these two jail terms consecutively.

In support of his argument, Barnett cites *State v. Hilton*, 301 Kan. 991, 349 P.3d 475 (2015) (*Hilton II*), in which the Kansas Supreme Court granted review of the Court of Appeals decision in *State v. Hilton*, 49 Kan. App. 2d 586, 311 P.3d 1161 (2013) (*Hilton I*), to consider whether the defendant's two consecutive terms of probation could be revoked as the result of a violation that occurred during the first term. The *Hilton II*

3

court recognized answering this question would require it to first decide whether a district court had authority to impose consecutive probation terms in the first place. Ultimately, though, the court dismissed the appeal because the parties had not briefed this predicate issue and the defendant had completed her sentence. 301 Kan. at 992.

The *Hilton II* court noted the *Hilton I* court had declined to determine whether district courts have authority to impose consecutive probation terms, and in Judge G. Gordon Atcheson's concurrence, he "expressed some reservation about the existence of such a power." 301 Kan. at 991. In his concurring opinion, Judge Atcheson clarified that the *Hilton I* opinion did not address the legality of consecutive probation terms. He added the decision "should not be construed to implicitly or explicitly approve as legally proper the probation scheme applied to [the defendant]. . . . As my comments suggest, I entertain real doubt about the legal basis for the consecutive probations imposed here." 49 Kan. App. 2d at 594-95 (Atcheson, J., concurring).

Barnett argues his jail term is essentially a condition of his probation, and Judge Atcheson's concurring opinion suggests that district courts do not have the statutory authority to impose consecutive probation terms. See 49 Kan. App. 2d at 594-95 (Atcheson, J., concurring). But the *Hilton I* decision did not actually hold district courts do not have authority to impose consecutive probation terms. And the Kansas Supreme Court vacated the opinion. Thus, it carries little persuasive value.

On the other hand, the State argues the two 90-day jail terms are not part of Barnett's probation. Instead, they are terms of imprisonment. Under K.S.A. 2018 Supp. 21-6606(a), when a district court imposes sentences of imprisonment for different crimes on the same date, the court has discretion to run the sentences concurrently or consecutively. See *State v. Huff*, 277 Kan. 195, 209-11, 83 P.3d 206 (2004) (holding incarceration in county jail is "imprisonment" within meaning of previous version of as K.S.A. 2018 Supp. 21-6606[a]). The State acknowledges that K.S.A. 2018 Supp. 21-6606

4

may not apply to Barnett because he was sentenced under a special sentencing provision. Ultimately, though, we need not decide whether K.S.A. 2018 Supp. 21-6606 applies to Barnett's sentence because the Kansas Supreme Court has found district courts have common-law authority to order consecutive sentences in the absence of any statute prohibiting it.

In *Quested*, the court considered whether the district court in one county had the discretion to run a sentence consecutive to a sentence previously imposed in another county. No statute explicitly authorized or prohibited this. Because the "legislative silence creates an ambiguity," the court looked to the common law. 302 Kan. at 268.

The *Quested* court noted district courts have long had the authority to impose consecutive sentences under the common law even when statutes are silent on the matter. 302 Kan. at 283. The majority concluded,

> "We choose, in the absence of a statute directly speaking to the issue, to rely on over a century of this court's caselaw regarding adult criminal sentencing in which this court has recognized that Kansas judges have the discretion to order either a consecutive or concurrent sentence as long as doing so is consistent with legislative policy. Historical perspective and practical necessity compel us to rely on common law in this limited and unique circumstance." 302 Kan. at 285.

Barnett argues K.S.A. 2018 Supp. 21-6819 suggests that allowing courts to impose consecutive probation terms runs counter to legislative policy. Under that statute, district courts may not impose consecutive probation terms in multiple conviction cases. K.S.A. 2018 Supp. 21-6819(b)(8). Barnett acknowledges K.S.A. 2018 Supp. 21-6819(b) does not apply here because it only applies to sentencing on multiple convictions from one charging document. See *Quested*, 302 Kan. at 266. But, he argues it supports his argument that the Kansas Legislature did not intend for district courts to be able to impose consecutive probation terms.

5

Barnett's argument is not persuasive. K.S.A. 2018 Supp. 21-6819(b) lists several sentencing provisions applying only in multiple conviction cases. Nothing suggests the Legislature intended these rules to apply outside of this context. Barnett does not provide any other support for his argument that consecutive probation terms for felony domestic battery runs counter to legislative policy.

*Quested* dealt with a different factual circumstance than the one here. That said, K.S.A. 2018 Supp. 21-5414 is silent on whether a district court may run the mandatory 90-day jail term for felony domestic battery consecutive to another mandatory 90-day jail term for the same offense. Barnett has not shown imposing these terms consecutively runs counter to legislative policy. Based on *Quested*, then, the district court had the discretion to run his two jail terms consecutively under the common law.

Affirmed.