NOT DESIGNATED FOR PUBLICATION

Nos. 122,663
122,664

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASEY KINCAID,
*Appellant*.

MEMORANDUM OPINION

Appeal from Thomas District Court; GLENN D. SCHIFFNER, judge. Opinion filed June 11, 2021. Appeal dismissed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Rachel Lamm*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., BUSER and CLINE, JJ.

PER CURIAM: Casey Kincaid appeals the district court's revocation of his probation and imposition of a 22-month prison sentence. He argues that he had already received a sanction for the conduct that formed the basis for the revocation, so the district court erred when it penalized him again. We do not resolve this question, however, because Kincaid has completed his prison sentence, and the question presented is one that turns on the timing of the hearings on Kincaid's probation violations and the specific facts relating to those violations. See *State v. Roat*, 311 Kan. 581, 593, 466 P.3d 439 (2020). Since the actual controversy in this case has ended, we dismiss Kincaid's appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

Kincaid pleaded guilty to possession of methamphetamine with intent to distribute in two cases for offenses that occurred on consecutive days in 2014. The district court imposed sentences for both convictions at the same hearing. Though these offenses ordinarily carried presumptive prison sentences under Kansas law, Kincaid requested a departure because he had successfully completed an in-patient drug treatment program. The district court granted Kincaid's request, ordering him to serve 18 months' probation, with an underlying 22-month term of imprisonment and 24 months of postrelease supervision.

Though Kincaid had undergone drug treatment, he unfortunately continued to struggle with substance abuse. He admitted to using methamphetamine on at least six occasions between December 2014 and March 2016, and he also missed several mandated counseling sessions. Kincaid received a three-day jail sanction for one of these violations in July 2015. Eventually, the State moved to revoke Kincaid's probation in June 2016 after he was arrested in Hays and charged with possession of methamphetamine.

The district court held a hearing on the alleged probation violations in September 2016. At the hearing, Kincaid admitted that he had used methamphetamine and had been arrested, both of which were violations of his probation. But he noted that he had not yet been convicted of a new crime—that he was "presumed innocent until proven guilty" for the crimes charged. The court found that Kincaid had violated the terms of his probation, summarizing these violations in its journal entry as: "[arrested] in Ellis County on 5-20-2016 for alleged possession of methamphetamine; left the county without permission from [Kincaid's probation supervision officer]; continued use of methamphetamine; unsatisfactorily released from counseling due to lack of progre[ss] and effort." Based on

2

these violations, the court imposed a 120-day prison sanction and extended Kincaid's probation for 12 months.

Kincaid was later convicted of possession of methamphetamine for the conduct giving rise to the Hays arrest. After he was sentenced for that offense, the State filed a motion requesting the revocation of his probation in the 2014 cases. The hearing on that motion took place on December 29, 2016. During the hearing, Kincaid admitted that he recently had been again convicted of possession of methamphetamine. But he argued that the court could not revoke his probation based on that new conviction because it had already considered his arrest for that conduct during the previous hearing on his probation violations.

The court observed that it had previously sanctioned Kincaid for technical violations of his probation (being arrested, the drug use, and leaving the county without permission), but not for the new crime of possession of methamphetamine. The court explained that during the previous hearing, the new charges had been unproved—"simply an allegation." But now Kincaid had been convicted of that offense. Based on this new conviction, the court revoked his probation and imposed his underlying 22-month prison sentence.

Kincaid filed a timely notice of appeal. But for reasons not entirely clear from the record, his appeal was not docketed with this court until more than three years later. After Kincaid's appeal was docketed, the State filed a notice of change in custodial status under Supreme Court Rule 2.042 (2021 Kan. S. Ct. R. 18), noting that Kincaid had finished serving the prison portion of his sentence. This court then filed an order directing the parties to discuss whether the issues in this case had become moot.

Kincaid did not contest that he had served his prison sentence and thus could no longer be placed on probation in the 2014 cases. But he argued that this court should

nevertheless consider the merit of his arguments because the issue he raises—whether he had already been sanctioned for the conduct that formed the basis for revoking his probation—is one that could arise in a future case. For the reasons we discuss in this opinion, we disagree that the fact-specific question raised here warrants our continued review and thus dismiss Kincaid's appeal.

## DISCUSSION

Unlike the legislative and executive branches, Kansas courts do not have the constitutional authority to issue advisory opinions. *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 898, 179 P.3d 366 (2008). Instead, courts are called on to decide concrete questions that will have an actual impact on the parties before us—to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *Roat*, 311 Kan. at 590.

As a corollary to this principle, even if a court case began with an active dispute, courts will generally not continue to hear the case if the issues presented become "moot." 311 Kan. at 584. Thus, a party can seek dismissal by clearly and convincingly showing that "'the actual controversy'" in the case has ended, and that any judgment that could be entered "'would be ineffectual for any purpose'" and "'would not impact any of the parties' rights.'" 311 Kan. at 584.

The party asserting that issues in a case have become moot—here, the State—must make a prima-facie showing that the actual controversy in the case has ended. 311 Kan. 581, Syl. ¶ 6. The State did so in this case by showing that Kincaid has completed his prison term and thus no longer may be placed on probation. Accord *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018) (reasoning that a sentence is suspended in exchange

for imposition of probation and if the underlying sentence has been served, there is no sentence to suspend in exchange for probation). The burden thus shifts to Kincaid to "show the existence of a substantial interest that would be impaired by dismissal" or to convince this court that "an exception to the mootness doctrine applies." *Roat*, 311 Kan. 581, Syl. ¶ 7.

Kincaid does not dispute that he has completed his prison sentence, nor does he assert that dismissal of his appeal would affect any substantial interest. See *State v. Mayes*, 311 Kan. 615, 617, 465 P.3d 1141 (2020) (noting the party complaining that a controversy still exists must assert that argument before the courts can perform any analysis). But he argues that this court should continue to consider his appeal because the issue he raises—whether the same or related conduct can form the basis for multiple probation sanctions or other adverse actions—may repeat in other cases in the future. And given the relatively short term of many underlying prison sentences when compared with the time required to resolve an appeal, Kincaid posits that this issue could potentially evade our review.

It is true that Kansas courts sometimes continue to consider an otherwise moot issue if the issue is "capable of repetition and raises concerns of public importance." *State v. Dumars*, 37 Kan. App. 2d 600, 605, 154 P.3d 1120, *rev. denied* 284 Kan. 948 (2007). See, e.g., *State v. Hilton*, 295 Kan. 845, 851-52, 286 P.3d 871 (2012) (finding an exception to mootness might occur when a legal issue concerning consecutive probation terms could otherwise escape judicial review), *reconsidered and rev'd by State v. Hilton*, 301 Kan. 991, 992, 349 P.3d 475 (2015). But this exception does not apply here because the issue that Kincaid presents depends heavily on the specific facts of his case.

Before a court can determine whether a case presents an issue of potential double sanction for probation violations, a court must look at the specific facts presented and determine what conduct formed the basis for the violations. Here, there appears to be a

genuine question as to whether the district court previously sanctioned Kincaid for his September 2017 arrest only (a technical violation of his probation) or for the conduct giving rise to his arrest (which eventually resulted in a conviction for a new crime). These questions are case-specific, and their resolution would provide limited guidance to other defendants presented with similar questions but different facts.

Nor are we convinced that the legal issue at the heart of Kincaid's appeal, when properly presented, will forever evade judicial review. Appellate courts are often called on to consider questions related to probation revocation. At times, the duration of the underlying sentence might render appellate review of those questions unworkable or ineffective. But that is certainly not always the case. See, e.g., *State v. Sidwell*, No. 121,847, 2020 WL 6372288, at *2-3 (Kan. App. 2020) (unpublished opinion) (reviewing the facts and concluding subsequent revocation of probation was based on conduct not previously subject to sanction).

Because Kincaid has completed the term of his prison sentence, this court cannot grant him any meaningful relief. After reviewing the record and the parties' arguments, we are convinced that any judgment in this case would be ineffectual and that the issue presented depends on the specific facts before us. We therefore dismiss Kincaid's appeal as moot.

Appeal dismissed.